# In the

# United States Court of Appeals

## For the Seventh Circuit

No. 01-4245

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ANTONIO J. PAYTON, JR.,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 4:99CR40034-001-JPG—**J. Phil Gilbert**, *Judge.*

ARGUED FEBRUARY 13, 2003—DECIDED MAY 12, 2003

Before COFFEY, MANION, and ROVNER, *Circuit Judges.*

ROVNER, *Circuit Judge.* A jury found Antonio Payton, Jr.
guilty of conspiring to distribute more than five grams of
crack cocaine in Jackson County, Illinois, between 1996
and 1999. In this appeal Payton challenges the sufficiency
of the description of the conspiracy in the indictment, the
evidence of his guilt, and the district court's findings
concerning the amount of drugs for which he was responsible.

Payton first asserts, although acknowledging a long line
of contrary precedent, that the indictment in his case
was insufficient because it failed to identify his coconspirators. Payton contends that our precedents are confus-

ing, but we think both the rule and the reason for it are clear: the government need not prove *with whom* a defendant conspired, only that he joined the agreement. *See, e.g.*, *United States v. Testa*, 33 F.3d 747, 750 (7th Cir. 1994); *United States v. Maholias*, 985 F.2d 869, 874 (7th Cir. 1993). Because it is the grand jury's statement of the existence of the conspiracy agreement rather than the identity of the parties to the agreement that puts the defendant on notice of the charge he must be prepared to meet, an indictment need not name coconspirators. *United States v. Townsend*, 924 F.2d 1385, 1389-90 (7th Cir. 1991). *See also United States v. Penny*, 60 F.3d 1257, 1262 (7th Cir. 1995); *United States v. Lopez*, 6 F.3d 1281, 1288 (7th Cir. 1993); *United States v. Lechuga*, 994 F.2d 346, 350 (7th Cir. 1993); *United States v. Kramer*, 711 F.2d 789, 796 (7th Cir. 1983). We decline Payton's invitation to reexamine these cases.

Payton's second challenge—to the sufficiency of the evidence against him—can be rejected based on the trial testimony of a single witness: Payton's father Milton. Milton testified that he worked as a "runner" for his son's crack operation in Carbondale, Illinois, from November 1996 to April 1999, carrying crack from Payton to his customers. This testimony alone is sufficient evidence of a distribution conspiracy. *See, e.g.*, *United States v. Adkins*, 274 F.3d 444, 450-51 (7th Cir. 2001) (sufficient evidence of conspiracy where seller's agent worked as his "go-between," passing drugs to street-level dealers), *cert. denied*, 123 S. Ct. 150 (Oct. 7, 2002); *United States v. Jackson*, 213 F.3d 1269, 1298-99 (10th Cir. 2000) (sufficient evidence of conspiracy between seller and assistant who worked as runner, middleman, and guard); *United States v. Herrera*, 54 F.3d 348 (7th Cir. 1995) (sufficient evidence of conspiracy between broker and buyers where broker arranged single drug purchase); *United States v. Lampkins*, 47 F.3d 175, 179 (7th Cir. 1995) (sufficient evidence of

conspiracy where runner discussed drug deals and exchanged drugs and cash); *Lechuga*, 994 F.2d at 350 (conspiracy between seller and one who acts as "go-between, facilitator, sales agent, and general helper"). There was other evidence as well, including testimony from people who bought drugs directly from Payton, but this does not mean (as Payton suggests) that the evidence against him was limited to "unconnected buyer-seller transactions." Such transactions involve only the two-person criminal agreement necessary for the separate crime of distribution and thus are not punishable as conspiracies. *See United States v. Shi*, 317 F.3d 715, 718 (7th Cir. 2003); *United States v. Torres-Ramirez*, 213 F.3d 978, 981 (7th Cir. 2000); *United States v. Clay*, 37 F.3d 338, 341 (7th Cir. 1994); *Townsend*, 924 F.2d at 1394. But when the buyer or the seller is assisted by a third person, *that* collaboration is punishable as a conspiracy. The "buyer-seller" argument is irrelevant in such cases because the conspirators are on the same side of the sale. *See United States v. Garcia*, 89 F.3d 362, 365 (7th Cir. 1996); *United States v. Larkins*, 83 F.3d 162, 167 (7th Cir. 1996); *Herrera*, 54 F.3d at 353-54; *United States v. Baskin-Bey*, 45 F.3d 200, 205 (7th Cir. 1995). The evidence showing that Payton and his father worked together puts his case in this category. *Compare Adkins*, 274 F.3d at 451 (conspiracy between seller and go-between who passed drugs to street-level dealers); *Garcia*, 89 F.3d at 365 (conspiracy between buyer and agent); *Larkins*, 83 F.3d 162 (conspiracy between buyer and assistant); *Herrera*, 54 F.3d at 353-54 (conspiracy between defendants on "buying side" of sale); *Lampkins*, 47 F.3d at 179 (conspiracy between sellers and runner); *and Baskin-Bey*, 45 F.3d at 205 (conspiracy between two buyers), *with United States v. Thomas*, 284 F.3d 746 (7th Cir. 2002) (no conspiracy between broker and buyers where broker "presumably earned his commission" from seller); *United States v. Rivera*, 273 F.3d 751 (7th Cir. 2001) (no conspiracy between middlemen and seller where

middlemen were paid by buyer); *and United States v. Contreras*, 249 F.3d 595 (7th Cir.) (no conspiracy between middleman and seller where middleman assisted buyer), *cert. denied*, 534 U.S. 914 (Oct. 1, 2001).

Payton's final argument—that the district court attributed more than three kilograms of crack to him as relevant conduct without explaining how the drugs were connected to the conspiracy—is difficult to understand. In fact, the court found these drugs were part of the conspiracy for which Payton was convicted, and the basis for the finding is clear: the court found, based on a statement by another of Payton's drug runners, Wendell Wooley, that Payton possessed brick-size quantities of crack on at least five occasions between 1996 and 1998. A former FBI agent who testified at Payton's sentencing hearing explained that each brick would weigh conservatively one kilogram. This finding is sufficiently specific, and Payton offers no argument that it is clearly erroneous.

The district court's judgment is AFFIRMED. The government's motion to strike Payton's brief is DENIED.

A true Copy:

      Teste:

                                    _____
                                    *Clerk of the United States Court of*
                                         *Appeals for the Seventh Circuit*