UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 14, 2006
Decided July 14, 2006

**Before**

Hon. RICHARD D. CUDAHY, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-3171

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | 03-CR-71-3 |
| ALBERT SPAN, *Defendant-Appellant.* | William J. Hibbler, *Judge.* |

**ORDER**

Albert Span was part of a drug ring that distributed crack and heroin from the St. Stephens apartments on the west side of Chicago. Span was recruited by Richard Epps, an old friend who was the leader of the operation. Span's principal job was to supply the heroin that would be sold at the St. Stephens apartments, which are located across the street from a housing project. Two other men, Donnie Allison and LaShon Stuckey, were recruited to be the principal distributors of heroin and crack, respectively. After the men were arrested, Epps and Allison agreed to testify against Span, but while awaiting trial he pressured both men to change their stories and threatened to harm their families if they refused. After a jury trial Span was convicted of conspiracy to possess and distribute controlled substances within 1000 feet of a public-housing facility, 21 U.S.C. §§ 846, 841(a)(1),

860(a); four counts of using a telephone to further the conspiracy, *id.* § 843(b); one count of possession with intent to distribute heroin, *id.* § 841(a)(1); and two counts of obstruction, 18 U.S.C. § 1512(b)(1).

Span was tried in late 2004, before the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005), and in light of the uncertainty that existed about the sentencing guidelines at that time, the district court submitted a number of guidelines issues to the jury. The jury found beyond a reasonable doubt that Span's relevant conduct involved at least 500 grams of powder cocaine, between 500 grams and 1.5 kilograms of crack, and more than 80 grams of heroin. Relying on these findings, the district court calculated Span's base offense level for the conspiracy count to be 38 (36 levels because of the quantity of drugs and another two for distributing within 1000 feet of a public-housing project). *See* U.S.S.G. § 2D1.2(a)(1). The jury also found beyond a reasonable doubt that Span was a leader or organizer, which prompted the district court to add four more levels. *See id.* § 3B1.1(a). The court applied another two-level upward adjustment because Span tried to obstruct the prosecution by intimidating Epps and Allison, making his total offense level 44. That figure, combined with Span's criminal history category of III, yielded a guidelines imprisonment range of life, which is the sentence the court imposed on the conspiracy count. Span also was sentenced to various shorter terms of imprisonment on the other seven counts, all to run concurrently with his life sentence.

Span now appeals his convictions and sentences, but his appointed lawyer has moved to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he cannot discern a nonfrivolous issue for appeal. We invited Span to respond to counsel's submission, *see* Cir. R. 51(b), and he has done so. Because counsel's supporting brief is facially adequate, we will review only those potential issues identified in his brief and Span's response. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997) (per curiam).

Counsel first raises the possibility that Span could challenge the sufficiency of the evidence supporting his convictions on the conspiracy count, the § 843(b) counts, and the obstruction counts. A defendant challenging the sufficiency of the evidence faces a difficult task since we view the evidence in the light most favorable to the government and defer to the jury's credibility findings. *See United States v. Graham*, 315 F.3d 777, 781 (7th Cir. 2003). We will uphold the jury's verdict if any rational finder of fact could have found the essential elements of the offense beyond a reasonable doubt. *United States v. Moore*, 446 F.3d 671, 677 (7th Cir. 2006). And on the strength of the evidence in this case, we agree with counsel that all of these potential challenges would be frivolous.

To prove the conspiracy count the government was required to show the

existence of an agreement between two or more people to distribute drugs and that Span knowingly and intentionally joined in this agreement. *See United States v. Suggs*, 374 F.3d 508, 518 (7th Cir. 2004), *cert. denied*, 543 U.S. 1079 (2005). Epps testified that he recruited Span specifically to be the heroin supplier for his operation at the St. Stephens apartments, which sits less than 1000 feet from a housing project. Epps also testified that Span was present during a meeting early in the conspiracy at which both Allison and Stuckey, the principal drug distributors in the conspiracy, were present. Epps added that he told Stuckey that he and the other dealers would have to show Span that they were going to work hard to sell the drugs Span supplied. This shows that Span had a stake in the success of the dealers' drug sales. *See United States v. Rivera*, 273 F.3d 751, 755 (7th Cir. 2001). Both Epps and Allison testified that Span fronted heroin to Allison. *See Suggs*, 374 F.3d at 518 (explaining that fronting is evidence of conspiracy). Finally, Allison testified that Span supplied him once or twice a week with heroin for over a month, and the government introduced wiretap conversations that occurred over a month-long period in which Span arranged to supply Epps' dealers with drugs. *See id.* (explaining that prolonged relationship between parties is evidence of conspiracy).

These recorded conversations are also sufficient to support the jury's verdicts on the four § 843(b) counts. Section § 843(b) makes it a crime to use a telephone to commit or facilitate a drug felony. *See* 21 U.S.C. § 843(b); *United States v. McGhee*, 408 F.3d 966, 985 (7th Cir. 2005). As relevant to these charges, the government introduced three recorded telephone calls in which Span discusses supplying or obtaining drugs with either Epps or Stuckey. The government also introduced a fourth recording in which Span, at Epps' direction, gives his cell phone to Allison and then listens while Allison and Epps discuss whether the heroin Span is supplying is satisfactory.

With respect to the obstruction counts, the government had to prove that Span tried to prevent or influence the testimony of Epps and Allison through the use of intimidation, threats, or other corrupt means. *See* 18 U.S.C. § 1512(b)(1), *United States v. LaShay*, 417 F.3d 715, 718 (7th Cir. 2005). Both Epps and Allison testified that Span told them he would harm their parents if they did not recant their statements implicating him in the conspiracy, and this testimony was sufficient to support Span's convictions. *See United States v. Payton*, 328 F.3d 910, 911 (7th Cir. 2003) (observing that testimony of single witness is sufficient to support conviction).

Counsel next considers whether Span might challenge the sufficiency of the evidence supporting the jury's findings on various factors relevant to the sentencing guidelines. This discussion is wholly unnecessary because, as we know from *Booker*, the jury was not required to find any of these factors beyond a reasonable doubt. *See, e.g., United States v. Hale*, 448 F.3d 971, 988–89 (7th Cir. 2006) (per

curiam); *United States v. Belk*, 435 F.3d 817, 819 (7th Cir. 2006), *petition for cert. filed*, (U.S. May 22, 2006) (No. 05-11262). As we have noted, Span's trial took place before *Booker* was decided, and the guidelines factors were submitted to the jury only as a precautionary measure in case the Supreme Court concluded that such factual questions could not be decided by the sentencing court. After *Booker*, however, it is now clear that only those factual issues necessary to trigger statutory enhancements (other than recidivism enhancements) must be proved to a jury beyond a reasonable doubt, *see Apprendi v. New Jersey*, 530 U.S. 466 (2000); *United States v. Kibler*, 279 F.3d 511, 517 (7th Cir. 2002), and in this case the jury's finding that the conspiracy involved at least 50 grams of crack was alone sufficient to trigger a statutory maximum sentence of life imprisonment, *see* 21 U.S.C. § 841(b)(1)(A)(iii).

Counsel next considers whether Span could argue that the district court erred in admitting testimony about his prior, unrelated attempt to influence a witness. At trial the ringleader, Epps, testified on redirect that Span and other members of the street gang he belonged to, the Black Disciples, plotted to kill another gang member, "Lil Ride," by lying in wait for him in a building that Epps controlled. This attempt failed, but Epps later learned from Span that two Black Disciples had shot at "Lil Ride." "Lil Ride" identified the shooters to police, and a couple of months later Span told Epps in a telephone conversation that he was meeting with "Lil Ride" to try to "convince" him to recant this identification. The district court had rejected the government's initial proposal to introduce this testimony under Fed. R. Evid. 404(b), but allowed it in on redirect after the government argued that it was needed to rehabilitate Epps's credibility. Epps, before trial, had briefly recanted his statements implicating Span in the conspiracy, and he testified on direct that he did so because Span had threatened to kill his parents. On cross-examination Span implied that Epps never took the threat seriously and recanted, not because Span threatened him, but because Span was not involved in the conspiracy at all. The government insisted that Span's earlier attempt to prevent "Lil Ride" from testifying against his assailants was relevant to show that Epps had reason to, and did, take Span's threats against his parents seriously.

Since Span objected to the admission of this evidence, our review would be for abuse of discretion. *United States v. Chavis*, 429 F.3d 662, 667 (7th Cir. 2005). Rule 404(b) allows evidence of prior bad acts to be admitted to prove something other than a propensity to commit crimes. *Chavis*, F.3d at 667. The government needed to prove that Span intended to prevent or influence Epps' testimony when he threatened Epps, *see* 18 U.S.C. § 1512(b)(1), and during cross-examination Span's trial lawyer worked to convince the jury that Epps was not really afraid of Span and did not take his threats seriously. For example, counsel grilled Epps about his failure to immediately report Span's threat to the staff at the

Metropolitan Correction Center where Epps was detained at the time. But Epps's testimony about "Lil Ride" showed that he had good reason to take Span seriously. Epps knew that Span had tried to coerce "Lil Ride" into recanting, and he had reason to believe, based on Span's plot to kill "Lil Ride", that Span would resort to violence. This knowledge explains why Epps would have recanted his statements, and why he might have hesitated to report Span's threat to authorities. The testimony about "Lil Ride" thus tended to rehabilitate Epps and lend plausibility to his story. *See United States v. Holly*, 167 F.3d 393, 394–95 (7th Cir. 1999) (holding that district court could admit evidence under 404(b) that defendant in insurance fraud case had threatened and abused witnesses in order to explain why witnesses initially told investigators defendant was not involved). Accordingly, we agree with appellate counsel that it would be frivolous to argue that the district court abused its discretion by allowing Epps's redirect testimony.

Finally, both counsel and Span discuss whether Span could argue that he received ineffective assistance of counsel at his trial. We have often said that ineffective-assistance claims are more appropriately brought in a collateral proceeding under 28 U.S.C. § 2255. *See, e.g.*, *United States v. Rezin*, 322 F.3d 443, 445 (7th Cir. 2003). This case is no exception.

For the above reasons, we GRANT counsel's motion and DISMISS the appeal.