**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 7, 2006
Decided December 12, 2006

**Before**

Hon. THOMAS E. FAIRCHILD, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 06-2921

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana |
| *v.* | No. 3:06-CR-00009(01)RM |
| SHAWN BOWEN, *Defendant-Appellant*. | Robert L. Miller, *Chief Judge*. |

**O R D E R**

Shawn Bowen, a felon, was found guilty by a jury of possessing a firearm, 18 U.S.C. § 922(g)(1), and aiding and abetting the making of a false statement on a firearms transaction record, *id.* § 922(a)(6). The district court sentenced him to a total of 57 months' imprisonment. Bowen has filed a notice of appeal, but his appointed counsel informs us that he is unable to discern a nonfrivolous basis for the appeal and moves to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Because counsel's supporting brief is facially adequate and Bowen has not responded to his attorney's motion, *see* Cir. R. 51(b), we review only the potential issues that counsel has identified. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997) (per curiam).

Emily Schlemmer, a former friend of Bowen's, testified at trial that on October 11, 2004, Bowen asked her to buy him a gun, and she agreed to do so.

According to Schlemmer, Bowen drove her to Len's Gun Shop, and the pair entered the store. After talking with the shop's owner for a few minutes, Bowen selected a .357 magnum. Schlemmer—who, unlike Bowen, had never been convicted of a felony—completed the necessary paperwork to make the purchase. The form asked, "Are you the actual buyer of the firearms listed on this form?" Schlemmer testified that she marked "yes" even though she knew that Bowen was the actual buyer. Bowen paid cash and took the gun after they left the store.

Schlemmer further testified that eight days later, on October 19, 2004, Bowen again asked her to buy him a gun. This time Schlemmer was reluctant, but Bowen persisted and eventually she acquiesced. The second transaction was very similar to the first. Schlemmer said that Bowen drove her to Len's Gun Shop, talked with the owner, and then selected a .40-caliber handgun. Schlemmer completed the paperwork, once again falsely indicating that she was the actual buyer. This time Bowen paid for the gun using a credit card belonging to his father, Dennis Bowen. Schlemmer said that Bowen took the gun and she never saw it again.

Four months later one of the guns Schlemmer purchased was recovered in Chicago in connection with an unrelated crime. During the subsequent investigation, Schlemmer admitted to federal agents that she purchased guns for Bowen and agreed to cooperate with the government.

Len Grummell, the owner of Len's Gun Shop, was a defense witness at trial. Grummell, who sold both guns to Schlemmer in October 2004, testified that on October 11 Schlemmer was accompanied by a man—described only as "not large," "scruffy," and very casually dressed—who claimed to be her brother. This man told Grummell that the gun was for Schlemmer. According to Grummell, Schlemmer came into the store alone on October 19, but he was unable to explain how she could have bought a gun with Dennis Bowen's credit card. Normally, he said, he would have noticed that the names did not match and would not have allowed the purchase.

Dennis Bowen testified that he gave Shawn permission to use his credit card to pay his car insurance and was present when Shawn called in the payment. A representative from the card issuer testified that the insurance payment was made at approximately 2:00 p.m. on October 19. The same card was used at Len's Gun Shop 53 minutes later.

The jury found Bowen guilty of possessing a firearm. It also found him guilty of aiding and abetting the making of a false statement during the October 19 transaction, but it found him not guilty of aiding and abetting a false statement in connection with the October 11 transaction.

Counsel first considers whether Bowen could argue that the evidence against him is insufficient to sustain his convictions. We will reverse a criminal conviction for insufficient evidence only if, "viewing all evidence in the light most favorable to the government, no rational jury could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Allen*, 390 F.3d 944, 947 (7th Cir. 2004) (internal quotation marks and citation omitted). In this case Bowen's burden is even higher: he forfeited his right to challenge the sufficiency of the evidence by failing to move for a judgment of acquittal. *See* Fed. R. Crim. P. 29; *United States v. Buchmeier*, 255 F.3d 415, 419 (7th Cir. 2001). Therefore, we would review for plain error and reverse "only if the record is devoid of evidence pointing to guilt, or if the evidence on a key element was so tenuous that a conviction would be shocking." *United States v. Taylor*, 226 F.3d 593, 597-98 (7th Cir. 2000) (internal quotation marks and citation omitted).

Bowen could not overcome this arduous standard of review. He stipulated that he is a felon and that both of the guns purchased from Len's Gun Shop had traveled in interstate commerce, so only the element of knowing possession was at issue. *See* 18 U.S.C. § 922(g)(1); *United States v. Alanis*, 265 F.3d 576, 591 (7th Cir. 2001). The record is hardly "devoid of evidence" on this point: Schlemmer testified that Bowen urged her to buy the guns for him and took them from her as soon as they left the store. That testimony alone is enough to render frivolous any challenge to the sufficiency of the evidence regarding Bowen's conviction for possession. *See United States v. Payton*, 328 F.3d 910, 911 (7th Cir. 2003) (rejecting sufficiency challenge based on trial testimony of single witness); *see also Kines v. Godinez*, 7 F.3d 674, 678 (7th Cir. 1993) ("[A] single witness can suffice to prove guilt beyond a reasonable doubt.").

We turn to the sufficiency of the evidence that Bowen aided and abetted the making of a false statement on the firearms transaction record in violation of § 922(a)(6). Bowen could be convicted under an aiding-and-abetting theory if the government proved that he knew Schlemmer was falsifying the form and committed an affirmative act to further her offense. *See* 18 U.S.C. § 2(a); *Allen*, 390 F3d. at 948 n.1. Here, again, Schlemmer's testimony provided the necessary evidence and would render frivolous a sufficiency argument. On October 19, Bowen asked her to buy him a second gun; he overcame her initial resistance and then drove her to the store and picked out the gun. Bowen and Schlemmer both knew the gun was for Bowen, but they could not have purchased it had they admitted that. Thus Bowen stood by while Schlemmer falsely represented that the gun was for her. Bowen paid for the gun with his father's credit card, then took the gun after they left the store. This was a classic straw purchase. *See United States v. Inglese*, 282 F.3d 528, 531-32 (7th Cir. (2002).

Next, counsel considers whether Bowen could challenge the two-level increase he received under U.S.S.G. § 3B1.1(c) based on the district court's finding that he was an organizer, leader, manager, or supervisor of criminal activity—a finding we will uphold unless clearly erroneous. *See United States v. Carrera*, 259 F.3d 818, 826 (7th Cir. 2001). Factors a sentencing court may consider in deciding whether to apply § 3B1.1 include whether the defendant recruited accomplices, planned or organized the criminal activity, participated in the offense, exercised decision-making authority, and controlled other participants. *Id.* § 3B1.1, cmt. n.4; *United States v. Falcon*, 347 F.3d 1000, 1004 (7th Cir. 2003). Given these factors, a challenge to the upward adjustment would be frivolous. Bowen alone planned the offense. He decided what gun to buy and where to buy it. Schlemmer acted at his direction. Under these facts, challenging the two-level increase would be frivolous. Moreover, while the district court used a preponderance standard in applying § 3B1.1(c), we agree with counsel that it would be frivolous to challenge the use of that standard in finding necessary facts at sentencing. *See, e.g., United States v. Garcia*, 439 F.3d 363, 369 (7th Cir. 2006); *United States v. McReynolds*, 397 F.3d 479, 481 (7th Cir. 2005).

Last, counsel considers whether Bowen could argue that his overall prison sentence is unreasonable. Bowen's sentence falls within the properly calculated guidelines range and is therefore presumed reasonable. *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). And though the Supreme Court recently granted a writ of certiorari to decide if a presumption that within-range sentences are reasonable is consistent with *United States v. Booker*, 543 U.S. 220 (2005), *see United States v. Rita*, No. 05-4674, 2006 WL 1144508 (4th Cir. May 1, 2006), *cert. granted*, 127 S.Ct. 551 (U.S. Nov. 3, 2006) (No. 06-5754), the resolution of that case would not affect our conclusion that Bowen's sentence is reasonable. The district court considered the statutory factors under 18 U.S.C. § 3553(a), and after noting the importance of deterring the illegal acquisition of firearms and "the consistency of Bowen's contacts with the courts," the district court concluded that a sentence of 57 months—exactly in the middle of the guidelines range—was appropriate. We agree with counsel that it would be frivolous to argue that this sentence is unreasonable.

Therefore, we GRANT counsel's motion to withdraw and DISMISS this appeal.