NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 31, 2010
Decided April 12, 2010

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 08-2411

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 06 CR 92 |
| MONTRELLE JOHNSON, *Defendant-Appellant.* | Charles Clevert, *Chief Judge.* |

**O R D E R**

Montrelle Johnson pleaded guilty to one count of conspiracy to distribute cocaine, *see* 21 U.S.C. §§ 841(a)(1), 846, but reserved the right to contest the type and quantity of the drugs at sentencing. After a hearing, the sentencing court concluded that Johnson was responsible for 28.35 grams of powder cocaine and 131 grams of crack cocaine, and sentenced him to 168 months' imprisonment. Johnson appeals, but his appointed counsel has concluded that his appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Johnson has responded to counsel's motion. *See* CIR. R. 51(b). We limit our review to the issues identified in counsel's facially adequate brief and in Johnson's response. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Because Johnson told counsel that he wants his guilty plea set aside, counsel first addresses whether there is any basis to challenge the plea. *See United States v. Knox*, 287

F.3d 667, 671-72 (7th Cir. 2002). We agree with counsel that any such challenge would be frivolous because the plea colloquy substantially complied with Federal Rule of Criminal Procedure 11. *See Schuh*, 289 F.3d at 975. Counsel points out minor omissions in the colloquy, but correctly explains that they would be harmless. As counsel notes, the district court did not mention Johnson's right to an attorney at every stage of the proceedings, *see* FED. R. CRIM. P. 11(b)(1)(D), but Johnson could not have been prejudiced by this error because he was accompanied by appointed counsel during the colloquy, *see United States v. Lovett*, 844 F.2d 487, 491 (7th Cir. 1988). Counsel also notes that the court did not advise Johnson that it could order him to forfeit the proceeds of his drug dealing, *see* FED. R. CRIM. P. 11(b)(1)(J), but, likewise, this omission would be harmless because the government never requested forfeiture, *see* FED. R. CRIM. P. 11(h); *Schuh*, 289 F.3d at 975. Last, counsel observes that the court failed to warn Johnson that it could deviate upward from the sentencing guidelines, *see* FED. R. CRIM. P. 11(b)(1)(M), but the court sentenced him within the guideline range, so this error would be harmless as well, *see United States v. Parker*, 368 F.3d 963, 968-69 (7th Cir. 2004).

Next, counsel questions whether Johnson could argue that the district court abused its discretion by refusing to let him withdraw his guilty plea. A few months after pleading guilty, Johnson sought to withdraw his plea because his trial counsel had not given him all the compact discs of recorded conversations with his coconspirators. He believed that the government's case against him was weak—namely, the credibility of a potential government witness was questionable. The district court denied his motion, observing that Johnson had not presented any evidence to show that his plea was involuntary or unknowing, and that his plea was supported by testimony at the Rule 11 hearing at which he admitted to brokering drug transactions while incarcerated. We agree with counsel that challenging the district court's decision would be frivolous. A district court is entitled to hold the defendant to his statements at the Rule 11 hearing, as the court did here. *See Shuh*, 389 F.3d at 975. And further, Johnson's reassessment about the strength of the government's case does not entitle him to withdraw his plea. *See Brady v. United States*, 397 U.S. 742, 757 (1970); *United States v. Bryant*, 557 F.3d 489, 496 (7th Cir. 2009); *United States v. Silva*, 122 F.3d 412, 415 (7th Cir. 1997).

Counsel's next inquiry is somewhat oblique, but seems to consider whether Johnson could argue that he could not be convicted of conspiracy because he was neither a buyer nor a seller. As counsel correctly recognizes, however, the law does not limit a drug conspiracy to buyers and sellers. *See United States v. Payton*, 328 F.3d 910, 911-12 (7th Cir. 2003) (collecting cases).

Counsel next considers various challenges to the district court's sentence. First, counsel considers whether Johnson could contest the court's denial of a reduction for acceptance of responsibility. *See* U.S.S.G. § 3E1.1. But it would be frivolous for Johnson to argue that he was entitled to such a reduction after he maintained his innocence when he moved to withdraw his guilty plea. *See United States v. Lopinski*, 240 F.3d 574, 576 (7th Cir. 2007).

Second, counsel considers whether Johnson could challenge the court's determination of relevant conduct—specifically, the court's finding that he was responsible for three additional transactions. A defendant engaged in a jointly undertaken criminal activity is liable for all reasonably foreseeable acts performed in furtherance of the jointly undertaken criminal act, *see* U.S.S.G. § 1B1.3; *United States v. Artley*, 489 F.3d 813, 822 (7th Cir.), *cert. denied,* 552 U.S. 965 (2007). We agree with counsel that a challenge to relevant conduct would be frivolous because the three transactions were reasonably foreseeable to him, since he—while incarcerated—hired his girlfriend's brother on three separate occasions, instructed the brother to convert powder cocaine into crack, and received payment from the sale.

Third, counsel questions whether Johnson could contest the calculation of his criminal history. Johnson received three criminal history points for convictions of trespass, damage to property, battery, bail jumping, and disorderly conduct, and none of these convictions carried a term of imprisonment for more than one year and one month. Generally, if a conviction does not exceed one year and one month, only two criminal history points are appropriate. *See* U.S.S.G. § 4A1.1(a). But Johnson received consecutive sentences for the charges of damage to property, battery, and bail jumping, and the imposition of consecutive sentences requires an aggregate sentence of imprisonment, *see* U.S.S.G. § 4A1.2(a)(2); *United States v. Joseph*, 50 F.3d 401, 402 (7th Cir. 1995). Because the aggregate sentence exceeded one year and one month, any challenge to his criminal history would be frivolous.

Fourth, counsel considers whether Johnson could challenge his sentence as unreasonable. We agree that any such challenge would be frivolous. The district court correctly calculated Johnson's recommended guidelines range at 168 to 210 months, and sentenced him to the bottom of the guidelines range. We would presume reasonable any sentence falling within the properly calculated guidelines range. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). At sentencing, the court appropriately considered the nature and circumstances of the crime as required under 18 U.S.C. § 3553(a), taking into account Johnson's drug dealing from jail;

the number of transactions involved; his criminal history of misdemeanor offenses; and his pressuring his girlfriend's brother into dealing drugs.

Fifth, counsel considers whether Johnson could question the date on which his sentence began. But only the Bureau of Prisons has authority to determine when a federal sentence begins. *See United States v. Wilson*, 503 U.S. 329, 335 (1992); *United States v. Hill*, 48 F.3d 228, 234 (7th Cir. 1995).

Last, counsel (and Johnson in his Rule 51(b) response) also considers whether Johnson could argue that his trial counsel was ineffective. But a claim of ineffective assistance is best pursued on collateral review so that a more complete record can be made. *See Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *United States v. Wilson*, 481 F.3d 475, 485 (7th Cir. 2007).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.