**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Elijah GRAY, Defendant–Appellant.**

**No. 02–2885.**

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 24, 2003.

Decided Feb. 25, 2003.

Before BAUER, CUDAHY, and KANNE, Circuit Judges.

ORDER

Elijah Gray pleaded guilty to one count of mail fraud, 18 U.S.C. § 1341, and was sentenced to 33 months' imprisonment. Gray filed a notice of appeal, but his lawyer now moves to withdraw because he believes that all grounds for appeal would be frivolous. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel's brief is facially adequate, and Gray has not responded under

Circuit Rule 51(b), so we confine our attention to the potential issue identified by counsel. *See United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997) (per curiam).

Counsel explores one possibility: whether it would be frivolous for Gray to argue that at sentencing the district court improperly denied a reduction for acceptance of responsibility. We would review this factual determination only for clear error, *United States v. Bosque,* 312 F.3d 313, 316 (7th Cir.2002), and agree that the contemplated challenge would be frivolous. Gray pleaded guilty on the eve of trial, which permits an inference that he entered the plea simply to obtain a lighter sentence and not out of remorse. *United States v. Sierra,* 188 F.3d 798, 804–05 (7th Cir. 1999); *United States v. Ewing,* 129 F.3d 430, 435–36 (7th Cir.1997).

What is more, the court found that Gray had obstructed justice by encouraging one of his codefendants to ignore a grand-jury subpoena. The obstruction finding blocks a reduction for acceptance of responsibility, except in the unusual case where the defendant initially obstructs justice and then later accepts responsibility. *United States v. Mayberry,* 272 F.3d 945, 949 (7th Cir.2001); *United States v. Lallemand,* 989 F.2d 936, 938 (7th Cir.1993). Recognizing the possibility for offsetting adjustments, the judge at sentencing gave Gray a final opportunity to explain how he had taken responsibility for his crime. Gray, however, continued to insist that he never intended "to do anyone wrong." Gray's statement shows that he was unwilling to acknowledge the unlawfulness of his conduct–a position inconsistent with acceptance of responsibility. *See, e.g., United States v. Travis,* 294 F.3d 837, 840–41 (7th Cir.2002); *United States v. Lopinski,* 240 F.3d 574, 576 (7th Cir.2001). So an argument that the district court committed clear error by denying the reduction would be frivolous.

The motion to withdraw is GRANTED, and the appeal is DISMISSED.