# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 02-1669

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DARRELL JONES,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 01 CR 30154—**G. Patrick Murphy**, *Chief Judge.*

ARGUED MAY 27, 2004—DECIDED AUGUST 20, 2004

Before FLAUM, *Chief Judge*, and MANION and KANNE, *Circuit Judges*.

KANNE, *Circuit Judge.* On October 19, 2001, a federal grand jury returned a four-count indictment charging Darrell Jones with three counts of distributing over five grams of crack cocaine and one count of possessing with the intent to distribute more than five grams of crack cocaine and cocaine powder. *See* 21 U.S.C. § 841. On December 12, Jones pled guilty to all four counts of the indictment, pursuant to a written plea agreement in which he waived his right to appeal his sentence. The next day, Jones attempted to withdraw his guilty plea. The district court, on

December 17, denied Jones's motion without holding an evidentiary hearing. The district court proceeded to sentence Jones to 360 months in prison under the United States Sentencing Guidelines. We affirm the district court's decision to deny Jones's motion to withdraw his guilty plea without an evidentiary hearing, and we decline to review Jones's sentence as his plea bargain included a valid waiver of his right to appeal.

## I. History

After the authorities completed a series of audiotaped drug transactions with Jones through cooperating individuals, he was arrested on July 13, 2001.[1] Jones waived his *Miranda* rights and provided a written statement outlining his lengthy involvement in cocaine sales. Jones even turned over to police quantities of crack cocaine, powder cocaine, and two firearms he kept in his East St. Louis, Illinois, residence.[2] Jones initially pled not guilty, but given the strong evidence against him, he entered into a plea agreement with the government.

Jones agreed to plead guilty to all four counts in the indictment. The plea agreement set out the government's belief that Jones's sentencing range would be 262-327 months and Jones's belief that his sentencing range would be 210-262 months. Jones acknowledged that neither of these numbers were binding on the court should it accept the guilty plea and plea agreement. Jones agreed "that the total amount of cocaine base, commonly known as 'crack' cocaine attributable to the defendant, to be used in cal-

---

[1] The amounts of crack cocaine involved in the three transactions were, respectively, 13.0 grams, 13.1 grams, and 12.7 grams.

[2] On July 13, 2001, 24.8 grams of crack cocaine and 26.9 grams of powder cocaine were seized.

culating his relevant offense conduct, would be more than one point five kilograms[.]" (Plea Agreement at 5.)

Jones also waived his right to appeal in the plea agreement:

> The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, the Defendant knowingly waives the right to appeal any sentence within the maximum provided in the statute(s) of conviction (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement.[3] The Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack[.]

(Plea Agreement at 7.) After Jones signed the plea agreement, he changed his plea to guilty on December 12, 2001.

As Jones concedes in his appellate brief, "the district court properly admonished [him] pursuant to Rule 11 and found that the plea was knowing and voluntary." (Def. Br. at 5.) The district judge, in a twenty-seven minute hearing, assured himself that Jones was competent to plead guilty and that he willingly signed the plea agreement, without pressure or promises from anyone. The district judge carefully questioned Jones to make sure he understood the ramifications of his guilty plea, which the judge accepted after the Rule 11 colloquy. The judge also discussed the plea agreement, which he postponed acceptance of until after the

---

[3] The concessions included an agreement not to file drug-trafficking, weapons, or other charges arising from the events leading up to Jones's arrest.

pre-sentence report ("PSR") was available. Judge Murphy thoroughly explained the right of trial by jury, including the concomitant right to be presumed innocent until proven guilty beyond a reasonable doubt, the right to produce witnesses in one's defense, the right to cross-examine adverse witnesses, and the right to either testify or not to testify in one's own defense.

The district judge went on to ensure that Jones understood that the statutory range of imprisonment for each count he had pled guilty to was ten years to life, and that once the judge accepted the guilty plea, the sentencing guidelines' estimates in the plea agreement would not be binding on the court. The district judge also reiterated to Jones that he was abandoning his right to appeal: "And you understand that the government is . . . making certain concessions to you and for your part, you're giving up your right to appeal your sentence. Do you understand that?" Jones replied, "Yes, sir." (Plea Tr. at 15.) Throughout the change of plea hearing, the judge allowed Jones to consult with his attorney.

Despite this thorough Rule 11 colloquy, Jones insisted the next day that he wanted to withdraw his guilty plea and sever his relationship with his attorney. Jones claimed that he did not understand the plea bargain and that he thought he was pleading guilty in exchange for a sentence of ten years. The district judge denied his requests on December 17, 2001, refusing to reexamine the issues through an evidentiary hearing:

> While a transcript of the December 12 hearing has not been prepared, the Court keenly recalls the proceedings and is satisfied that the requirements of Federal Rule of Criminal Procedure 11 were met. Defendant took an oath to tell the truth, admitted that he understood the charges against him and the possible penalties associated with a plea of guilty to those charges, and told this

> Court that it was his desire to plead guilty. As stated by Judge Easterbrook, "[a] defendant's protestation that statements freely made under oath when entering the plea were a pack of lies is not a 'fair and just reason' to start anew." *United States v. Stewart*, 198 F.3d 984, 987 (7th Cir. 1999).

(Mem. and Order at 2.)

After reviewing the PSR and considering Jones's objections to that document, the district judge sentenced Jones on March 11, 2002. The judge agreed with the PSR that a sentencing range of 360 months to life was appropriate and sentenced Jones to 360 months imprisonment on all four counts, to run concurrently. Jones also received eight years supervised release, was fined $4000, and was ordered to pay a special assessment of $400.

Jones filed a timely Notice of Appeal on the same day he was sentenced. He asserts that the district court should have allowed him to withdraw his guilty plea, or, alternately, should have held an evidentiary hearing to see if he had valid reasons to withdraw his plea. Jones also requests this court to review his sentence, in spite of his clear waiver of appeal.

## II.  Analysis

A district court's decision to deny a motion to withdraw a guilty plea is reviewed for abuse of discretion. *United States v. Shaker*, 279 F.3d 494, 497 (7th Cir. 2002); *United States v. Standiford*, 148 F.3d 864, 868 (7th Cir. 1998). Under the former Federal Rule of Criminal Procedure 32(e) (2001), "[i]f a motion to withdraw a plea of guilty . . . is made before sentence is imposed, the court may permit the plea to be withdrawn if the defendant shows any fair and just

reason."[4] If the district court had not yet accepted Jones's guilty plea, he could have freely withdrawn his plea without explanation. *See Shaker*, 279 F.3d at 495-97. But because the district court had accepted Jones's guilty plea, Jones needed to provide a fair and just reason under Rule 32(e) to withdraw his plea (even though the district court had not yet accepted the plea agreement). *United States v. Hyde*, 520 U.S. 670, 671-74 (1997).

We review the district court's refusal to allow an evidentiary hearing to explore whether Jones should be allowed to withdraw his guilty plea for an abuse of discretion. *See United States v. Winston*, 34 F.3d 574, 578-79 (7th Cir. 1994). "A hearing on a motion to withdraw a plea is to be routinely granted if the movant offers any substantial evidence that impugns the validity of the plea." *United States v. Redig*, 27 F.3d 277, 280 (7th Cir. 1994) (quotations omitted). However, "if no such evidence is offered, or if the allegations advanced in support of the motion are mere conclusions or are inherently unreliable, the motion may be denied without a hearing." *Id.* (quotation omitted). Furthermore, the defendant "must overcome the presumption of verity that attaches to [statements made at the Rule 11 colloquy]." *Id.* (quotation omitted).

Jones concedes that the Rule 11 colloquy was thorough and fair. He asserts, however, that he didn't really understand the plea bargain and the guilty plea. Furthermore, according to Jones, he was duped by his attorney into believing that he was making a deal for ten years in prison.

---

[4] In 2002, the Federal Rules of Criminal Procedure were amended, with Rule 11(d) replacing Rule 32(e). Rule 11(d) now specifically provides that a defendant may withdraw his guilty plea for "any reason or no reason" before the district court accepts the guilty plea. Fed. R. Crim. P. 11(d)(1). After the district court accepts the guilty plea, however, the defendant must show a "fair and just reason" for withdrawing the plea. Fed. R. Crim. P. 11(d)(2)(B).

These assertions alone do not entitle Jones to withdraw his plea or even entitle him to an evidentiary hearing.

At his Rule 11 hearing, Jones explicitly affirmed that he understood how the judge would assess the information provided in the PSR to calculate a sentence. He confirmed that he had discussed this matter with his attorney. He also unequivocally denied that anyone—not his own lawyer, not the government attorneys—had attempted to force him to plead guilty. Jones's motion to withdraw his guilty plea directly contradicts his statements at the change of plea hearing. Other than his own self-serving assertions, his motion lacks any proof that he did not understand his guilty plea or that he was pressured into a guilty plea through false promises. *See Winston*, 34 F.3d at 578-79 (explaining that affidavits containing only conclusions do not provide a basis for an evidentiary hearing). The district judge was well within his discretion in crediting Jones's Rule 11 testimony as conclusive. *See United States v. Stewart*, 198 F.3d 984, 987 (7th Cir. 1999) ("[A] defendant has no chance of success on appeal when the judge elects to treat freely given sworn statements as conclusive.").

Furthermore, Jones's waiver precludes this court from considering his challenge to his sentence.[5] A defendant may waive his appeal rights as part of a plea agreement, provided the waiver is clear and unambiguous. *United States v. Mason*, 343 F.3d 893, 893-94 (7th Cir. 2003); *United States v. Nave*, 302 F.3d 719, 720 (7th Cir. 2002); *United*

---

[5] Although the parties did not discuss the appeal waiver in their briefs, it had already been raised in the government's March 27, 2002 motion to dismiss Jones's appeal filed in this court. In an Order issued on April 17, 2002, we denied the government's motion. But by doing so, we were only agreeing with Jones that the issue of waiver "should be taken with the case . . . [and] ruled on at the conclusion of these proceedings." (Def. Response, April 1, 2002, at 1.)

*States v. Woolley*, 123 F.3d 627, 631-32 (7th Cir. 1997). "[T]he right to appeal is a statutory right, and like other rights—even constitutional rights—which a defendant may waive, it can be waived in a plea agreement." *United States v. Feichtinger*, 105 F.3d 1188, 1190 (7th Cir. 1997). Voluntariness of a guilty plea is ensured by a court's compliance with Federal Rule of Criminal Procedure 11. *United States v. Schuh*, 289 F.3d 968, 975 (7th Cir. 2002).

Jones explicitly waived his right to appeal his sentence. And, as established above, he knowingly and voluntarily signed the plea agreement and pled guilty. The fact that he is unhappy with his ultimate sentence does not undo his acquiescence.

### III.  Conclusion

For the foregoing reasons, we AFFIRM the district court's refusal to allow Jones to withdraw his guilty plea. We DISMISS his sentence appeal pursuant to the waiver in the plea agreement.

A true Copy:

     Teste:

_____
*Clerk of the United States Court of
Appeals for the Seventh Circuit*