**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted June 2, 2005
Decided June 6, 2005

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 05-1530

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois |
| v. | No. 03-CR-30041-001 |
| JAMES D. MOENCK, *Defendant-Appellant.* | Richard Mills, *Judge.* |

**O R D E R**

James Moenck pleaded guilty to four counts of mail fraud, 18 U.S.C. § 1341, and was sentenced to 14 months' imprisonment and three years' supervised release. The district court also ordered him to pay $29,012.33 in restitution and a $400 special assessment.  Moenck appeals, but his appointed attorney moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he can discern no nonfrivolous issue for appeal.   Moenck was notified of counsel's motion, *see* Cir. R. 51(b), but he has not filed a response.  Counsel's brief is facially adequate; thus we limit our review to those potential issues he identifies.  *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997).  Because an appeal based on the issues set forth in counsel's brief would be frivolous, we grant the motion to withdraw and dismiss Moenck's appeal.

While working at Kemp Industries, a commercial refrigeration and heating, ventilation, and air conditioning business, Moenck and a fellow employee siphoned off money intended as payment by customers for goods and services rendered by Kemp.  They also illicitly obtained heating and air conditioning units, equipment, parts, and labor from Kemp and otherwise abused their positions for their own financial and personal gain.  One part of their scheme involved instructing customers to mail payments to a post office box that Moenck and his accomplice controlled.

Under the terms of Moenck's plea agreement, he waived the right to appeal any and all issues relating to his conviction and sentence, with one exception.  He reserved the right to appeal a finding by the district court that the amount of the loss, for purposes of counting his base offense level under the sentencing guidelines, was $70,000 or more.  The magistrate judge who conducted the plea hearing discussed the plea agreement, including the impact of the appeal waiver, with Moenck before accepting his guilty plea.

In preparation for sentencing, a probation officer prepared a presentence investigation report recommending, in relevant part, that 8 levels be added to Moenck's base offense level of 6 because the amount of the loss exceeded $70,000. *See* U.S.S.G. § 2B1.1(b)(1)(E).  Moenck objected to that recommendation, arguing under *Blakely v. Washington*, 125 S.Ct. 2531 (2004), that the amount of loss must be determined by a jury beyond a reasonable doubt.  However, after the Supreme Court decided *United States v. Booker*, 125 S.Ct. 735 (2005), Moenck withdrew his objection because the new advisory guidelines system permitted the judge to determine the amount of loss.  In the notice of withdrawal, Moenck stated that he "does not contest the fact that the amount of loss was over $70,000 as detailed in the pre-sentence report."

In support of his motion to withdraw, counsel identifies only two potential issues not foreclosed by the appeal waiver included in Moenck's plea agreement. Counsel first considers whether the appeal waiver can be undermined by arguing that the plea agreement was entered into involuntarily, but concludes that this argument would be frivolous because it is not supported by the record.   We agree that the district court complied with the requirements of Rule 11 of the Federal Rules of Criminal Procedure, and that Moenck knowingly and voluntarily relinquished his right to appeal. *See United States v. Jones*, 381 F.3d 615, 619 (2004).  We are thus precluded from considering any challenges to his sentence or conviction that are covered by the waiver.

Counsel next considers whether it would be frivolous to appeal the district court's loss calculation but concludes that Moenck waived his right to challenge the

figure by withdrawing his objection in the district court.  We agree.  Waiver is the intentional relinquishment of a known right.  *E.g., United States v. Staples,* 202 F.3d 992, 995 (7th Cir. 2000).  Moenck knew he had the right to appeal the amount of loss; he bargained for this right in the plea agreement.  By later withdrawing his objection and explicitly stating that he did not contest the amount of loss set forth in the PSR, he waived the issue, thereby foreclosing appellate review.  *Id.*

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.