NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 18, 2008
Decided January 24, 2008

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. JOEL M. FLAUM, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 06-4146

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 05-CR-798-2 |
| THOMAS RADICK, *Defendant-Appellant.* | Ronald A. Guzman, *Judge.* |

**O R D E R**

Thomas Radick, a felon, purchased a number of firearms from gun dealers in Indiana and sold them in Chicago, where he lived. Radick was charged in the Northern District of Illinois with dealing in firearms without a license, 18 U.S.C. § 922(a)(1), traveling interstate for that purpose, *id*. § 924(n), and possessing firearms after a felony conviction, *id*. § 922(g)(1). His first appointed lawyer withdrew after complaints from Radick, and his second appointed lawyer was discharged after Radick informed the district court that he wished to represent himself. Proceeding *pro se* (but with the second lawyer now as standby counsel), Radick entered into an agreement with the government and pleaded guilty to all three counts. He later moved unsuccessfully to withdraw those pleas. The district court sentenced Radick to 97 months' imprisonment and three years' supervised release on each count. The sentences were ordered to run concurrent.

Radick filed a notice of appeal and is represented in this court by a third appointed lawyer, who has moved to withdraw because he is unable to discern a nonfrivolous basis for the appeal. *See Anders v. California*, 386 U.S. 738 (1967). Radick has filed a lengthy response, *see* Cir. R. 51(b), which adds several potential arguments to those in counsel's supporting brief but mostly restates and multiplies the points counsel discusses. Counsel's brief is facially adequate, so we confine our review to the potential issues identified in that brief and in Radick's response. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel first considers whether Radick could argue that he was denied his right to counsel when the district court permitted him to represent himself. Seven weeks after his appointment, Radick's first lawyer moved to withdraw on the ground that Radick was unhappy with his performance and wanted to represent himself. The district court did not act on that motion until counsel renewed it three months later; at that point the court allowed counsel to withdraw, but rather than immediately permitting Radick to proceed *pro se*, the court appointed a second lawyer and encouraged Radick to discuss with new counsel his plan to represent himself. Seven weeks later Radick filed a *pro se* motion insisting that both of his lawyers had rendered ineffective assistance and again demanding to represent himself. The court advised against doing so and admonished Radick that he would encounter difficulties acting as his own lawyer, but ultimately the court concluded that Radick was competent to represent himself and granted his motion. The court asked Radick's second lawyer to remain as standby counsel, and when Radick later expressed misgivings about his choice to represent himself, the court offered to reappoint standby counsel to act as Radick's lawyer. Radick instead elected to continue representing himself, even after the court stated on the record that none of Radick's complaints about his lawyers would give rise to a claim of ineffective assistance.

Given this background, we agree with appellate counsel that Radick could not plausibly argue on appeal that it was error to permit him to exercise his constitutional right under *Faretta v. California*, 422 U.S. 806 (1975), to represent himself. We consider four factors when deciding whether a defendant should have been allowed to represent himself: "(1) whether and to what extent the district court conducted a formal hearing into the defendant's decision to represent himself; (2) other evidence in the record that establishes whether the defendant understood the dangers and disadvantages of self-representation; (3) the background and experience of the defendant; and (4) the context of the defendant's decision to waive his right to counsel." *United States v. England*, 507 F.3d 581, 586 (7th Cir. 2007). The district court conducted the required formal inquiry, asking Radick about his knowledge of the federal rules of criminal procedure and of evidence. The record also suggests that Radick understood the disadvantages of self-representation. He

acknowledged that he did not think it was a good idea, but said he felt he should proceed *pro se* anyway because he disagreed with his attorneys. *See United States v. Best*, 426 F.3d 937, 943-44 (7th Cir. 2005) (explaining that district court reasonably concluded that defendant knowingly and intelligently opted to represent himself rather than proceed with appointed lawyers he disliked). Regarding his background and experience, Radick had multiple associate's degrees, and he had some familiarity with the courts, having been previously convicted of two crimes. The district judge was in a better position than us to evaluate Radick's decision to defend himself, *see id.* at 944, and Radick cannot show that the court's was error.

Counsel also considers whether Radick might argue that the district court should have allowed Radick to withdraw his guilty pleas, or whether, in the alternative, we should set aside those pleas for reasons not presented to the district court. We would review the denial of Radick's motion to withdraw his guilty pleas for abuse of discretion, *United States v. Jones*, 381 F.3d 615, 618 (7th Cir. 2004), but to the extent that counsel proposes to raise additional arguments not included in that motion, our review of the plea colloquy and the voluntariness of Radick's guilty pleas would be for plain error, *see United States v. Vonn*, 535 U.S. 55, 63 (2002); *United States v. Sura*, 2007 WL 4328984, at *4 (7th Cir. 2007).

We agree with counsel that it would be frivolous for Radick to argue that the district court abused its discretion in refusing his request to withdraw his guilty pleas. In his motion, which Radick filed four months after pleading guilty and just one week before sentencing, he argued that he was innocent of the charges, and that his guilty pleas were coerced by threats from his discharged lawyers and the prosecutor that he would receive the statutory maximum if he went to trial. Radick, though, was *pro se* when he pleaded guilty, so the performance of his prior lawyers, including the second attorney who remained as standby counsel, was irrelevant. *See Bethel v. United States*, 458 F.3d 711, 716-17 (7th Cir. 2006); *Simpson v. Battaglia*, 458 F.3d 585, 597 (7th Cir. 2006). Moreover, during the plea colloquy Radick had admitted under oath that the government's factual account of his illegal gun dealing was accurate, and that no one threatened him to persuade him to plead guilty. These prior statements are deemed to be truthful, *Schuh*, 289 F.3d at 975; *United States v. Redig*, 27 F.3d 277, 280 (7th Cir. 1994), and since the district court chose to credit what Radick said during the plea colloquy instead of the contradictory statements in his motion to withdraw his guilty pleas, Radick would have "no chance of success" if he argued on appeal that the district court erred in denying that motion, *see United States v. Stewart*, 198 F.3d 984, 986-87 (7th Cir. 1999).

We further agree with counsel that, apart from refusing to let Radick withdraw his guilty pleas, the district court did not commit plain error in accepting the pleas in the first place. According to counsel, the plea colloquy was not mistake-

free: the court did not inform Radick that if he went to trial he would have a right to *appointed* counsel and could present evidence including his own testimony. *See* Fed. R. Crim. P. 11(b)(1)(D), (E). The court also misinformed Radick that he faced a maximum of ten year's imprisonment on the charge of dealing in firearms without a license, when in fact the maximum for that offense is five years. *See* 18 U.S.C. §§ 922(a)(1), 924(a)(1)(D). But none of these errors was significant. The court in fact told Radick that he had a "right to the assistance of an attorney," and surely Radick recognized that "attorney" would include an *appointed* lawyer because he was represented by court-appointed lawyers until he elected to represent himself. *See United States v. Lovett*, 844 F.2d 487, 491-92 (7th Cir. 1988). In addition, the court informed Radick that he could "decline to testify" and could compel the attendance of witnesses "to testify" on his behalf, and from this Radick could infer that he could chose to testify and present evidence at trial. Indeed, these rights are made explicit in the plea agreement. *See United States v. Driver*, 242 F.3d 767, 771 (7th Cir. 2001).

Thus, only the misstatement about the maximum penalty on the § 922(a)(1) count was anything more than a highly technical error in the plea colloquy, and even that mistake was not so serious as to undermine Radick's plea on that particular count. *See United States v. Wetterlin*, 583 F.2d 346, 349-54 (7th Cir. 1978) (analyzing plea colloquy for Rule 11 compliance count-by-count on appeal). Incorrect information about the statutory maximum will invalidate a guilty plea only if the defendant establishes that he would not have pleaded guilty had he known the actual sentence he faced. *United States v. Padilla*, 23 F.3d 1220, 1221 (7th Cir. 1994). Radick now says in his Rule 51(b) response that due to the court's error he thought he faced the possibility of 30 years imprisonment on all three counts when in fact he was subject to no more than 10, but of course this representation is frivolous. As the district court correctly informed Radick, the other two counts both carried a possible 10-year term of imprisonment, 18 U.S.C. § 924(a)(1), (n), so conviction on all counts could have yielded total imprisonment of 25 years. It is inconceivable that Radick pleaded guilty to all three counts thinking he could be imprisoned for 30 years but would have elected to take his chances and go to trial on this count (or the other two counts) had he been correctly admonished that actually he faced no more than 25 years. *See United States v. Molina,* 469 F.3d 408, 412 (5th Cir. 2006); *United States v. Westcott*, 159 F.3d 107, 113-14 (2d Cir. 1998). Even Radick does not make this contention.

Counsel next considers whether Radick could argue that the district court erred in denying his various pretrial motions, including a motion to dismiss the indictment on the ground that it contained "surplusage." But Radick waived objection to the court's rulings on these and all other nonconstitutional pretrial claims when he pleaded guilty, FED. R. CRIM. P. 11(a)(2)*; United States v. George*, 403 F.3d 470, 472 (7th Cir. 2005); *United States v. Rogers*, 387 F.3d 925, 932 (7th

Cir. 2004); *United States v. Cain*, 155 F.3d 840, 842 (7th Cir. 1998), so any argument now about the handling of his motions would be frivolous.

What remain are possible sentencing issues, and counsel identifies as potential appellate challenges the denial of Radick's motion to postpone sentencing, the district court's guidelines calculations, and the reasonableness of the overall prison term imposed.  To begin, we agree with counsel that it would be frivolous for Radick to argue that the district court was compelled to delay Radick's sentencing hearing.  Radick asked for more time to gather "impeachment evidence" when he learned that his codefendant—a Chicago gang member who was Radick's chief customer—would testify about the scope of their dealings and also refute Radick's claim that "duress" attributable to the codefendant's threats had motivated his illegal gun dealing.  We would review the district court's ruling for abuse of discretion, *see United States v. Rinaldi*, 461 F.3d 922, 928 (7th Cir. 2006), and since Radick did not say in his motion and does not say in his Rule 51(b) response what additional testimony he would have adduced if given more time to prepare, he couldn't establish that he was prejudiced by the court's ruling and thus could not plausibly argue that the court abused its discretion, *see id.* at 928-29; *Morris v. Slappy*, 461 U.S. 1, 11-12 (1983).

As for the guidelines calculations, all of Radick's objections were frivolous.  In the district court he asserted that his 1980 conviction for murder was too old to incur criminal history points or to trigger the higher base offense level applicable to defendants who commit a firearm offense after a conviction for a crime of violence. *See* U.S.S.G. § 2K2.1(a)(4)(A).  He also contended that his 1995 state convictions for unlawful possession of firearms were too old to count toward his criminal history.  But these prior convictions counted because Radick commenced his federal crimes in late 2004 within 15 years of being released from his murder sentence, *see* U.S.S.G. § 4A1.2(e)(1); *United States v. Souffront*, 338 F.3d 809, 833 (7th Cir. 2003), and within 10 years of when he was sentenced on the state gun convictions, *see id.* § 4A1.2(e)(2); *United States v. Carroll*, 110 F.3d 457, 461 (7th Cir. 1997).  Moreover, to the extent that Radick objected to his murder conviction affecting both his offense level and his criminal history score, that result is explicitly countenanced by the guidelines.  *See* U.S.S.G. § 2K2.1 cmt. n.10 (2007); *United States v. Blakney*, 941 F.3d 114, 118 (2d Cir. 1991).

Nor could Radick press on appeal his contentions that he should not have been given a six-level upward adjustment based on the district court's finding that his criminal conduct involved between 25 and 99 guns, *see* U.S.S.G. § 2K2.1(b)(1)(C), or that he should have received downward adjustments as a "minor participant" and for acceptance of responsibility, *see id.* §§ 3B1.2, 3E1.1. Radick admitted at sentencing that he bought at least 25 guns from the Indiana gun dealers, so the court's finding cannot be clearly erroneous.  Moreover, Radick

was the sole participant in his gun violations—his codefendant, also a felon, was charged not with assisting Radick's crimes but with violating § 922(g)(1) by possessing the guns he bought from Radick—and he could not be a "minor participant" in his own crimes. *See* U.S.S.G. § 3B1.2*; United States v. Olivas-Ramirez*, 487 F.3d 512, 516 (7th Cir. 2007). And, further, it would be frivolous for Radick to argue that he was entitled to acceptance points after he represented his innocence when he moved to withdraw his guilty pleas. *See United States v. Lopinski*, 240 F.3d 574, 576 (7th Cir. 2007).

Radick's total offense level of 26 and Category III criminal history yielded a guidelines imprisonment range of 78 to 97 months. The district court selected the high end of this range, and since we already have concluded that any challenge to the court's guidelines calculations would be frivolous, we would presume that the sentence imposed is reasonable. *See Rita v. United States*, 127 S. Ct. 2456, 2462 (2007); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). The district court considered but rejected Radick's contentions that he should receive a below-range sentence because, Radick maintained, he committed the federal crimes under "duress" and was under 18 when he committed the murder that netted him an increased offense level and three criminal history points. *See* 18 U.S.C. § 3553(a). The court observed that Radick was "in the business of arming criminals, gang-bangers, drug dealers of the worst sort" and cited Radick's "total lack of remorse" and likely recidivism as grounds for selecting a sentence at the high end of the range. Counsel is unable to identify any contrary factor that might have undermined that determination unreasonable, nor are we.

Most of the remaining contentions made by Radick in his Rule 51(b) response require no discussion. His unsubstantiated allegations of judicial bias and conspiracy are particularly frivolous, as is his contention that appellate counsel is deficient simply because he has moved to withdraw under *Anders*. *See McCoy v. Ct. App. of Wis.*, 486 U.S. 429, 443 (1988).

We do note, however, that counsel correctly points out that the district court should not have imposed a 97-month prison term on the count charging Radick with dealing in firearms without a license; as we stated previously, the statutory maximum for that offense is five years. 18 U.S.C. §§ 922(a)(1), 924(a)(1)(D). Still, Radick was party to a plea agreement that misstated the maximum penalty as ten years, and he did not object when the probation officer carried forward that mistake into the presentence report. Radick's acquiescence means that our review would be for plain error, and given that his total imprisonment of 97 months is less than he could have received on either one of the other counts, we agree with counsel that any argument based the court's mistake would be frivolous. *See United States v. Ross*, 2007 WL 4355362, at *10 n.3 (7th Cir. 2007); *United States v. Gray*, 332 F.3d 491, 493 (7th Cir. 2003). Nonetheless, the district court's understandable oversight

is easily corrected, so we will exercise our discretion to remand so the district court may reissue a corrected judgment stating the concurrent prison term on the count in question is changed to 60 months.

Accordingly, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED, but we REMAND to the district court so that it may enter a corrected judgment.