**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted March 24, 2010
Decided March 25, 2010

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 09-3346

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 3:08-CR-30255-002-MJR |
| RONNY VAZQUEZ, *Defendant-Appellant.* | Michael J. Reagan, *Judge.* |

**O R D E R**

Ronny Vazquez pleaded guilty to conspiracy to commit wire fraud, 18 U.S.C. §§ 1343, 1349; credit-card fraud, *id.* § 1029(a)(5); and aggravated identity theft, *id.* § 1028A(a)(1).  Four other counts were dismissed as part of a plea agreement in which Vazquez waived the right to appeal "any aspect" of his convictions or sentence so long as the prison term did not exceed his guidelines range.  That range was 54 to 61 months, but in light of Vazquez's young age and supportive family, the district court imposed a below-range sentence of 48 months.  Vazquez filed a notice of appeal, but his appointed counsel has concluded that the case is frivolous and seeks leave to withdraw.  *See Anders v. California*, 386 U.S. 738, 744 (1967).  Vazquez opposes counsel's motion.  *See* CIR. R. 51(b).  We confine our review to the potential issues outlined in counsel's facially adequate brief and Vazquez's response.  *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Vazquez does not want his guilty pleas set aside, so counsel correctly refrains from discussing the voluntariness of the pleas or the adequacy of the plea colloquy. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). It follows that the plea agreement and waiver of appeal are binding, *see United States v. Wilson*, 481 F.3d 475, 483 (7th Cir. 2007); *United States v. Hare*, 269 F.3d 859, 860-61 (7th Cir. 2001), and thus the appeal must be dismissed.

In his Rule 51(b) response, Vazquez asserts that a defendant cannot waive the right to appeal. But appeal waivers are permissible and enforceable, *e.g. United States v. Cole*, 569 F.3d 774, 776 (7th Cir. 2009); *United States v. Jones*, 381 F.3d 615, 619 (7th Cir. 2004); *United States v. Suggs*, 374 F.3d 508, 519 (7th Cir. 2004), and although Vazquez includes a number of other potential issues in his response, all of them are precluded by the waiver.

Counsel's motion is GRANTED, and the appeal is DISMISSED.