**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 11, 2019
Decided February 11, 2019

**Before**

WILLIAM J. BAUER, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 18-1147

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 16-CR-64 |
| | |
| RONALD H. VAN DEN HEUVEL, | William C. Griesbach, |
| *Defendant-Appellant*. | *Chief Judge*. |

**O R D E R**

Ronald Van Den Heuvel pleaded guilty to conspiracy to commit bank fraud, 18 U.S.C. § 371, and was sentenced within the guidelines to 36 months' imprisonment, followed by a three-year term of supervised release. Van Den Heuvel filed a notice of appeal, but his appointed counsel has concluded that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Van Den Heuvel has not responded to the motion. See CIR. R. 51(b). Because counsel's analysis appears to be thorough, we limit our review to the subjects she discusses. See *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Van Den Heuvel defrauded a federally insured bank to obtain seven loans, totaling over $1.3 million. The owner of a company that provided waste-recycling services, Van Den Heuvel obtained these loans over a two-year period with the help of a bank employee as well as straw borrowers—often his employees or family members. The scheme was uncovered after a long investigation by state and federal agencies. Van Den Heuvel, his wife, and the bank employee were arrested and indicted.

Counsel, having verified that Van Den Heuvel still wants to withdraw his guilty plea, first considers whether Van Den Heuvel could challenge the voluntariness of the plea and appropriately concludes that he could not. See *United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002). The transcript of the plea colloquy reflects that the district court complied with the requirements of Federal Rule of Criminal Procedure 11. The court properly informed Van Den Heuvel about the nature of the charge, the maximum sentence possible, the trial rights he was giving up, the role of the sentencing guidelines, and restitution. See FED. R. CRIM. P. 11(b). The court also satisfied itself that a factual basis existed to support the guilty plea by looking at all the record evidence, and specifically the factual statement contained in the plea agreement. See *id.* 11(b)(3); *United States v. Arenal*, 500 F.3d 634, 638 (7th Cir. 2007); *United States v. LeDonne*, 21 F.3d 1418, 1424 (7th Cir. 1994).

Counsel reports that Van Den Heuvel wishes to argue that his guilty plea was not knowing and voluntary because the government coerced him into entering it by including a condition that the government would dismiss the charges against his wife. Indeed, "package" plea agreements (in which dismissal of charges against a spouse is part of the agreement) must be scrutinized by the district court "because they present unique opportunities for coerced pleas." *United States v. Spilmon*, 454 F.3d 657, 658 (7th Cir. 2006). But these agreements are not coercive as long as the court and the defendant are advised of all the promises contained in the agreement, and the court ensures that the defendant enters into the agreement voluntarily. *Id.*; see *United States v. Bennett*, 332 F.3d 1094, 1101 (7th Cir. 2003). Any argument here based on coercion would be frivolous because the record indicates that these requirements were fulfilled: Van Den Heuvel twice asked the court to confirm that the case against his wife would be dismissed after the guilty plea, and he indicated both in his plea agreement and at the change-of-plea hearing that his guilty plea was not the result of threats or promises outside the plea agreement. And the government moved to dismiss the charges against his wife the day after he pleaded guilty.

Counsel also informs us that Van Den Heuvel believes that the court should have granted his motion to withdraw his guilty plea because he offered evidence of his innocence—his repayment of some of the loans he obtained, negligence on the part of bank officials who processed his loans, and the lack of credibility of one of the government's witnesses. None of these examples, however, shows either actual or legal innocence, and Van Den Heuvel's motion "was not supported by any evidence—not even an affidavit—tending to show that he would not have pled guilty." *United States v. Stoller*, 827 F.3d 591, 598 (7th Cir. 2016). "'[B]are protestations of innocence' are insufficient to withdraw a guilty plea, particularly after a knowing and voluntary plea made in a thorough Rule 11 colloquy." *United States v. Chavers*, 515 F.3d 722, 725 (7th Cir. 2008).

Counsel next considers but appropriately rejects arguing that the district court abused its discretion in denying Van Den Heuvel's motions to adjourn the sentencing. The court denied his first motion because it did not explain why more time was necessary, and the court denied the second—filed just two days before sentencing—after finding that it was a delay tactic rather than a justified need for more time to prepare. Van Den Heuvel was not prejudiced by these denials. He and his lawyer were adequately prepared for sentencing, having filed a sentencing memorandum, objections to the presentence investigation report, and supporting documents. "With no showing of actual prejudice," he would have "no basis to challenge" the denial. *United States v. Collins*, 796 F.3d 829, 835 (7th Cir. 2015).

Counsel also considers but aptly declines pursuing an argument that Van Den Heuvel could raise a challenge in connection with his motion to suppress evidence (literally truckloads of business records) seized during a search of one of his businesses. After a suppression hearing before the magistrate judge, the parties entered into a stipulation that the government would not use this evidence in its case-in-chief; Van Den Heuvel withdrew the motion, and the matter was dropped. Counsel acknowledges Van Den Heuvel's wish to continue challenging the search warrants, but appropriately treats the argument as waived. Van Den Heuvel's unconditional guilty plea waived all non-jurisdictional defects occurring before the plea, including Fourth Amendment claims like the one here. *United States v. Villegas*, 388 F.3d 317, 322 (7th Cir. 2004). Moreover, "[b]y making the strategic decision to enter into a stipulation with the government, [he] abandoned his ability to challenge the contents of that stipulation later." *United States v. Lockwood*, 789 F.3d 773, 780 (7th Cir. 2015).

Next, counsel evaluates whether Van Den Heuvel could challenge the denial of his prior counsel's motion to withdraw and reasonably concludes that he could not. Trial counsel had stated in the motion to withdraw that he and Van Den Heuvel had experienced a breakdown in communication. The court denied the motion after conducting an ex parte meeting with Van Den Heuvel and counsel in chambers, and determining that the disagreement reflected not an actual breakdown in communication but a difference of opinion over strategy. In reviewing the denial of a request for new counsel, we consider, among other factors, the timeliness of the defendant's motion, the adequacy of the district court's inquiry, and whether the conflict resulted in a total lack of communication preventing an adequate defense. *United States v. Jones*, 844 F.3d 636, 642 (7th Cir. 2016). Here, the motion was filed just three days before sentencing and was not based on counsel's performance or any actual conflict of interest. If Van Den Heuvel wishes to explore an ineffective-assistance-of-counsel claim, the proper avenue would be a collateral attack, through which he could develop a more thorough record for review. See *Vinyard v. United States*, 804 F.3d 1218, 1227 (7th Cir. 2015); *United States v. Bryant,* 754 F.3d 443, 444 (7th Cir. 2014).

Finally, counsel considers whether Van Den Heuvel could challenge the terms of his sentence but rightly concludes that such a challenge would be frivolous. The court reasonably denied Van Den Heuvel's request for a downward adjustment premised on acceptance of responsibility because he maintained his innocence through the time when he moved to withdraw his guilty plea. *United States v. Lopinski*, 240 F.3d 574, 576 (7th Cir. 2001). Moreover, his 36-month prison term is within his guidelines range of 33–41 months (based on a total offense level of 20 and criminal history category of I), and thus presumptively reasonable. See *Rita v. United States*, 551 U.S. 338, 351 (2007); *United States v. Grigsby*, 692 F.3d 778, 792 (7th Cir. 2012). Counsel has not identified any consideration rebutting that presumption, nor can we. The court justified its within-guidelines sentence with reference to the factors set forth in 18 U.S.C. § 3553(a), including the seriousness of the crime, the impact of the offense on the bank and its employees, his lack of criminal history, and the need for deterrence. Counsel also rightly forgoes challenging the terms of Van Den Heuvel's supervised release—mainly, the restriction on his ability to obtain credit, work in a fiduciary capacity, or be self-employed—given that these conditions related directly to the offense of conviction (conspiracy to commit fraud through lines of credit obtained through his self-employment) and were necessary to achieve the goals of sentencing. *United States v. Kappes*, 782 F.3d 828, 838–39 (7th Cir. 2015).

Thus, the motion to withdraw is GRANTED, and the appeal is DISMISSED.