NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued January 21, 2022
Decided January 24, 2022

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 21-1719

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 1:18-cr-10055 |
| YOUSEF ABDALLAH, *Defendant-Appellant.* | Joe Billy McDade, *Judge.* |

**O R D E R**

In July 2019, Yousef Abdallah pled guilty to one count of filing a false tax return in violation of 26 U.S.C. § 7206(1). The district court gave him a below-Guidelines sentence of 24 months in prison. He now appeals this sentence on two theories. First, Abdallah claims that the district court failed to follow the Court Interpreters Act, 28 U.S.C. § 1827, in concluding that the record did not reflect a need for Abdallah to have an interpreter at sentencing. Second, Abdallah contends the district court committed procedural error by denying a three-level reduction for acceptance of responsibility

under § 3E1.1 of the United States Sentencing Guidelines and applying a two-level enhancement for obstruction of justice under § 3C1.1. But Abdallah agreed to a valid appellate waiver in his plea deal:

> [T]he defendant waives all rights to appeal and/or collaterally attack his conviction and sentence. The term "sentence" means any term of imprisonment, term of supervised release, term of probation, supervised release condition, fine, forfeiture order, and/or restitution order and includes the manner and/or method the district court uses to determine, impose, announce, and/or record the sentence.

R. 10 at 6.

We review the enforceability of an appellate waiver in a plea agreement de novo. *United States v. Bridgewater*, 995 F.3d 591, 594 (7th Cir. 2021). We dismiss appeals within the scope of an express and unambiguous appellate waiver that was made knowingly and voluntarily by the defendant. *Id*. at 595.

Abdallah does not argue that his appeal is outside the scope of the waiver, nor could he. By the agreement's plain terms, Abdallah waived all rights to appeal the manner or method the district court used to determine the sentence. Nor could he contend that the terms of the waiver in the plea deal are not express and unambiguous. And the district court confirmed Abdallah's understanding of the waiver through a sufficient Rule 11 colloquy at the change of plea hearing. See *United States v. Jones*, 381 F.3d 615, 619 (7th Cir. 2004) ("Voluntariness of a guilty plea is ensured by a court's compliance with Federal Rule of Criminal Procedure 11.").

Rather, Abdallah's sole attack on the waiver's enforceability concerns the district court's decision at sentencing to apply a five-level Guidelines enhancement swing (no acceptance of responsibility reduction and an obstruction of justice enhancement) that was not sought by the government. Abdallah's suggestion is that he did not knowingly and intelligently enter into the plea deal and therefore the waiver is invalid, because he could not have anticipated and reasonably foreseen the Guidelines level enhancement changes that materialized at sentencing after the deal had been finalized.

Abdallah gives us no case law to buttress this proposed rule. And we've repeatedly stated that plea agreement waivers involve risk. *Plunkett v. Sproul*, 16 F.4th 248, 255 (7th Cir. 2021). That the risk of later enhancements materialized in a way disadvantageous to Abdallah does not undermine the knowing nature of the waiver.

See *id*. "[P]arties to plea agreements accept the risk that future circumstances will change in ways that, had those circumstances existed at the time of the bargain, they may not have agreed to so bind themselves." *Id.* at 256. Abdallah, by entering into the plea deal, assumed the risk that the district court could, as the plea deal itself puts it, "make its own independent determination of the applicable advisory Sentencing Guideline range and … impose whatever sentence it deems appropriate." R. 10 at 11. And so it did.

This appeal is DISMISSED.