NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 16, 2009
Decided June 15, 2010

**Before**

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 08-3753

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States |
| *Plaintiff-Appellee*, | District Court for the |
| | Northern District of Indiana. |
| *v.* | |
| | No. 06 CR 00023 |
| VERNELL A. BROWN, | |
| *Defendant-Appellant.* | Theresa L. Springman, *District Judge*. |

**ORDER**

On May 24, 2006, Vernell Brown was indicted, along with Marlyn Barns, Melvin

Taylor, Michael Alexander, Theodis Armstead, and Herbert Hightower, for conspiracy

to possess with intent to distribute more than five kilograms of cocaine, in violation of

21 U.S.C. § 846. Brown initially proceeded to trial with Barnes, Taylor and Armstead.

However, several days into the trial, the district court stopped the proceeding and

declared a mistrial to allow Brown, Taylor, and Armstead to sever their case from

Barnes. Brown pleaded guilty before proceeding to trial again. As part of the plea

agreement, the government agreed to recommend a sentence at the low-end of the

guideline range or at the statutory minimum of 120 months if the guidelines fell below

the minimum. The district court sentenced Brown to 120 months, the statutory

minimum. Brown now appeals, but his appointed counsel has moved to withdraw

because he cannot identify any nonfrivolous argument to pursue on appeal. *See Anders*

*v. California*, 386 U.S. 738, 744 (1967). Brown opposes counsel's motion. *See* CIR. R.

51(b). We confine our review to the potential issues identified in counsel's facially

adequate brief and Brown's response. *See United States v. Schuch*, 289 F.3d 968 (7th Cir.

2002); CIR. R. 51(b).

On May 5, 2006, the six individuals indicted in this case were arrested as they

arrived at the site of a planned drug heist where they intended to steal numerous

kilograms of cocaine. Unknown to the defendants, the couriers for the target drug

shipment, who orchestrated this drug heist with the defendants, were a confidential

informant and an undercover agent. The shipment of drugs did not exist. All of the planning meetings and pre-heist preparations were captured on audio and video tapes. Alexander and Hightower pleaded guilty early on in the proceedings. The remaining defendants, including Brown, proceeded to trial. Shortly before the beginning of the trial, the government filed a motion pursuant to 21 U.S.C. § 851(a)(1) informing Brown that the government intended to enhance his sentence based on his prior conviction for possession of a narcotic controlled substance in the state of Michigan which resulted in an eighteen-month sentence. Brown did not raise any objections to this motion. Early in the trial, Armstead, Brown, and Taylor moved for a mistrial because Barnes agreed to testify on their behalf. The district court granted the mistrial and severed the defendants' trials. Barnes proceeded to trial alone and was found guilty.

In March 2008, shortly before his trial was scheduled to start again, Brown entered into a plea agreement with the government. One key component of the plea agreement was that it allowed Brown to plead guilty to an amount of drugs less than what the indictment charged. This reduction in drug quantity decreased the statutory mandatory minimum sentence from twenty years to ten years. Under the drug quantity in the plea agreement the statutory maximum sentence remained life in prison. The government agreed to recommend that the district court sentence Brown at the low end of the guidelines range or to the statutory minimum of 120 months if the guidelines

range did not meet that minimum.  In the plea agreement, Brown acknowledged that the minimum sentence he could receive was ten years because he had a prior conviction for a felony drug offense which had become final before the time of the agreement. Brown made the same acknowledgment in open court during his change of plea hearing.  The plea agreement also contained an express waiver of Brown's appeal rights: "I expressly waive my right to appeal or to contest my conviction and my sentence and any restitution order imposed or the manner in which my conviction or sentence or the restitution order was determined or imposed, to any Court on any ground, including any claim of ineffectively assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation."

In May 2008, approximately two months after entering a plea of guilty, Brown moved to withdraw his guilty plea.  Brown stated that he was withdrawing his plea and all prior testimony because he entered the guilty plea "under duress and feared life long imprisonment."  After several months of hearings, affidavits, and briefing, the district court found that Brown was not coerced into entering the plea agreement.  In assessing Brown's argument, the district court analyzed the potential sentences Brown could have faced had he gone to trial and the sentencing recommendations in the plea agreement. The district court found that Brown's attorney was correct in telling Brown that if a jury found him guilty and held him responsible for the amount of drugs charged in the

indictment, Brown would face a minimum twenty-year sentence and could face life in prison. The district court based its calculations of the minimum and maximum sentences on the government's notice under 21 U.S.C. § 851 seeking an increased statutory minimum sentence due to Brown's prior possession conviction in Michigan.

In the brief filed pursuant to *Anders*, counsel first asserts that Brown cannot raise any meritorious argument challenging his conviction because he entered into an unconditional, knowing, and voluntary plea of guilty pursuant to a plea agreement. Brown's reply makes two arguments that are intertwined and both attack the validity of the plea agreement as a knowing and voluntary waiver of his rights. The standard of review applicable to whether a guilty plea is knowing and voluntary is "whether looking at the total circumstances surrounding the plea, the defendant was informed of his or her rights." *United States v. Mitchell*, 58 F.3d 1221, 1224 (7th Cir. 1995). In reviewing whether a defendant was informed of his rights and the subsequent plea agreement was voluntary, we review the plea under the requirements of Federal Rule of Criminal Procedure 11. To comport with Rule 11, the district court must advise the defendant of his constitutional rights, the charges against him, the factual bases for the plea, and the minimum and maximum penalties. *United States v. Garcia*, 35 F.3d 1125, 1132 (7th Cir. 1994). These safeguards help ensure that the defendant's plea is knowing and voluntary. *Id.*

Brown argues that he did not waive his right to appeal because his plea of guilty was not knowing and voluntary. He asserts that his counsel and the district court misinformed him about the statutory minimum and maximum penalties because his sentence should not have been enhanced under 21 U.S.C. § 841 on the basis of his Michigan conviction. This argument is unavailing. Prior to trial, the government filed a motion pursuant to 21 U.S.C. § 851 informing Brown of the government's intention to seek an enhanced sentence based on Brown's prior conviction for possession of cocaine in Michigan. At that time, Brown did not object. While there is some discrepancy regarding whether Brown's eighteen-month sentence was for incarceration or probation, there is no argument in the record to counter the government's assertion that the Michigan conviction was a state felony conviction. Brown contends that because the federal system does not treat mere possession as a felony, a felony conviction for simple possession in state court cannot be used to enhance the statutory minimum sentence under 21 U.S.C. § 841(b)(1)(B). We are not aware of any court holding that a state felony drug conviction for possession does not trigger the increased mandatory minimum in 21 U.S.C. § 841(b)(1)(B) because simple possession is not a felony in the federal system. Based on the record before us and the prevailing state of the law known to defense counsel and the district court at the time of the plea agreement, Brown did not receive misinformation about his potential sentencing liability. Therefore, his argument that he

was coerced into pleading guilty due to misinformation about the potential sentences he faced is without merit.

Counsel also asserts that Brown cannot raise any appealable issues with regard to the district court's denial of his motion to withdraw his plea of guilty. "A defendant does not have an absolute right to withdraw a plea before sentencing, although the court may allow him to do so if he has a fair and just reason for doing so." *United States v. Chavers*, 515 F.3d 722, 724 (7th Cir. 2008). We agree with counsel that Brown did not demonstrate a fair and just reasons for withdrawing his plea of guilty. Brown argued that he entered into his plea agreement under duress because he was afraid of receiving a life sentence. However, the district court properly found that defense counsel's candid evaluation of Brown's potential sentencing liability if he went to trial was not coercion nor did it create impermissible duress. Therefore, any argument that the district court erred by not allowing Brown to withdraw his guilty plea would be frivolous.

Lastly, counsel asserts that any argument challenging Brown's sentence would be frivolous because Brown specifically waived his right to appeal his sentence. When a defendant enters into a knowing and voluntary plea of guilty pursuant to a plea agreement that contains an explicit waiver of the defendant's right to appeal his sentence, this Court will honor that waiver and refuse to review the sentence, unless the

sentence ultimately received was in excess of the statutory maximum sentence or was the result of the district court's reliance on a constitutionally impermissible factor such as race. *Jones v. United States*, 167 F.3d 1142, 1144 (7th Cir. 1998). The waiver in the plea agreement was explicit and, for the reasons discussed above, we agree with the district court that it was entered into voluntarily and knowingly. The sentence does not exceed the statutory maximum and there is no evidence that the district court relied on impermissible factors in coming to a sentence. Therefore, in light of this explicit waiver, any argument regarding the sentence would be frivolous.

For the reasons set forth above, we GRANT the motion to withdraw and DISMISS Brown's appeal.