NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 21, 2010
Decided October 21, 2010

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 09-2882

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 08 CR 904-1 |
| JAMES M. TIBOR, *Defendant-Appellant.* | Suzanne B. Conlon, *Judge.* |

**O R D E R**

James Tibor used Internet advertisements, phony documents, phone calls, and e-mail to induce private investors to buy the rights to collect a civil judgment and receivables he falsely represented were owed to him or a wholly owned corporation. Two investors paid Tibor a total of $160,500 for nonexistent receivables, a third investor negotiated to buy $50,000 in receivables, and a fourth agreed to pay $1.8 million for the bogus judgment before concluding that the transaction was a scam. Tibor pleaded guilty to one count of wire fraud, 18 U.S.C. § 1343, and was sentenced to 77 months' imprisonment to run consecutively to state sentences for unrelated crimes, plus 3 years' supervised release and $106,500 in restitution. Tibor appeals, but his appointed attorney has concluded that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Tibor did not respond to counsel's submission. *See* CIR. R. 51(b). We review only the

potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Tibor has told counsel that he wants his guilty plea set aside, so counsel first addresses whether there is a basis to challenge the plea colloquy or the voluntariness of the plea. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). Tibor did not move to withdraw his guilty plea in the district court, so we would examine the plea colloquy only for plain error. *See United States v. Vonn*, 535 U.S. 55, 59 (2002); *United States v. Griffin*, 521 F.3d 727, 730 (7th Cir. 2008). As counsel notes, the district court did not advise Tibor he could be represented by appointed counsel if necessary, s*ee* FED. R. CRIM. P. 11(b)(1)(D), or that he had a right to testify at trial, s*ee* FED. R. CRIM. P. 11(b)(1)(E). But even with those omissions the plea colloquy satisfied the standard of substantial compliance with Rule 11, *see United States v. Blalock*, 321 F.3d 686, 688 (7th Cir. 2003); *Schuh*, 289 F.3d at 975. Moreover, Tibor knew about the availability of appointed counsel because he was represented by the federal public defender during the plea colloquy, and he knew about his right to testify because it was included in his plea agreement, so the court's omissions could not have been plain error. *See United States v. Driver*, 242 F.3d 767, 771 (7th Cir. 2001); *United States v. Lovett*, 844 F.2d 487, 491-92 (7th Cir. 1988). Thus, this potential challenge to the adequacy of the plea colloquy would be frivolous.

Counsel additionally examines whether Tibor could argue that his guilty plea was induced by a threat and thus involuntary. *See Galbraith v. United States*, 313 F.3d 1001, 1006 (7th Cir. 2002). When the district court asked Tibor if anyone was forcing him to plead guilty, he replied that an associate of one of the victims had "made a threat against both me and a member of my family in order—telling me that it was important for me to plead guilty." The court then asked if this perceived threat had affected Tibor's decision, and he answered that he was "going to have to say no." That answer prompted the court to admonish Tibor that he could say no and had a right to proceed to trial, and Tibor then acknowledged that the threat had not weighed into his decision to plead guilty. Tibor apparently has told appellate counsel that he felt threatened after all, but an appellate challenge would be frivolous both because Tibor's statements to counsel are outside the record, *see United States v. Acox*, 595 F.3d 729, 731 (7th Cir. 2010) ("A court of appeals is limited to the record built in the district court, so arguments that depend on extra-record information have no prospect of success."), and because the representations he made to the court under oath during the plea colloquy are presumed to be truthful, *see United States v. Chavers,* 515 F.3d 722, 724 (7th Cir. 2008); *United States v. Weathington,* 507 F.3d 1068, 1072 (7th Cir. 2007).

Counsel next evaluates whether Tibor could argue that his offense level under the sentencing guidelines should have been calculated by starting with U.S.S.G. § 2X1.1, the

Chapter 2 guideline applicable to attempt. Subsection (b)(1) of that guideline provides for a 3-level reduction if the defendant is being sentenced for a crime that was attempted but never completed, and Tibor has expressed his view to appellate counsel that his fraud crime was not completed because he never succeeded in bilking all of his intended victims. But a wire fraud is complete when the scheme is executed through an interstate wire communication, whether or not the defendant succeeds in defrauding the victim. *Pasquantino v. United States*, 544 U.S. 349, 371 (2005); *United States v. Lupton*, 2010 WL 3419889, at *13 (7th Cir. 2010). And relevant conduct includes all attempted losses, not just successes. *United States v. Portman*, 599 F.3d 633, 640 (7th Cir. 2010); *United States v. Radziszewski*, 474 F.3d 480, 486 (7th Cir. 2007). So this potential argument would be frivolous.

Counsel also evaluates whether Tibor could argue that the district court erroneously applied, over his objection, a 2-level increase under U.S.S.G. § 2B1.1(b)(2)(A)(ii) for committing the offense through mass-marketing. Though Tibor admitted to posting his advertisement on only one website, the government presented unrebutted evidence that he used several websites to solicit victims. The use of one website warrants the adjustment, *United States v. Hall*, 604 F.3d 539, 544-45 (8th Cir. 2010); *United States v. Christiansen*, 594 F.3d 571, 576 (7th Cir. 2010), and Tibor's reliance on several would make an appellate challenge particularly frivolous.

Counsel then considers whether Tibor could challenge the reasonableness of his prison sentence. The term is within the properly calculated imprisonment range, and thus is presumptively reasonable. *Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Diekemper*, 604 F.3d 345, 355 (7th Cir. 2010). Appellate counsel has not identified any basis to set aside that presumption, nor have we. The district court evaluated Tibor's principal arguments in mitigation—that he suffers from mental illness and that the loss amount was overstated relative to the amount of money he actually received—but concluded that a term within the guidelines range was appropriate both because Tibor had sought significant amounts of money from the victims in this case and in previous scams and because the psychologist's report Tibor provided did not show that his conduct was caused by a mental disorder that would obviate his personal responsibility for these scams. The court did not explicitly address Tibor's contention that his parents' divorce, abuse by his father, and his own two divorces warranted a lower sentence, but this contention was relegated to a written memorandum and not pressed by Tibor at sentencing. More importantly, stock arguments about family circumstances can be rejected without discussion. *United States v. Hall*, 608 F.3d 340, 347 (7th Cir. 2010); *United States v. Pulley*, 601 F.3d 660, 667 (7th Cir. 2010); *United States v. Martinez*, 520 F.3d 749, 753 (7th Cir. 2008). And finally, the court's exercise of discretion to run the federal term consecutively to Tibor's undischarged state sentences for unrelated frauds could not make the federal sentence

unreasonable.  *See* 18 U.S.C. § 3584; U.S.S.G. § 5G1.3(c); *United States v. Campbell*, 2010 WL 3221830 at *2-3 (7th Cir. 2010); *United States v. Statham*, 581 F.3d 548, 555 (7th Cir. 2009).  We thus agree with counsel that a reasonableness challenge would be frivolous.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.