**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Argued April 10, 2014
Decided June 27, 2014

Before

RICHARD D. CUDAHY, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

WILLIAM T. LAWRENCE, *District Judge**

| | |
|---|---|
| No. 13-1777 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | |
| *v.* | |
| RASHOD BETHANY, *Defendant-Appellant*. | No. 06 CR 346 |
| | Harry D. Leinenweber, *Judge*. |

**ORDER**

Rashod Bethany was sentenced to 300 months in prison after pleading guilty to conspiring to distribute and to possess with intent to distribute fifty grams or more of a substance containing cocaine base. His appeal challenges both his conviction and sentence. We affirm.

---

* Of the Southern District of Indiana, sitting by designation.

## I.   BACKGROUND

On January 15, 2008, Bethany was charged by a second superseding indictment with one count of conspiracy to distribute and to possess with intent to distribute fifty grams or more of a substance containing cocaine base in the form of crack cocaine, in violation of 21 U.S.C. § 846, and three counts of distributing fifty grams or more of cocaine base in the form of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). Because Bethany had a previous felony drug conviction, the Government also filed an enhancement notice under 21 U.S.C. § 851.

On January 9, 2009, without the benefit of a written plea agreement, Bethany agreed to plead guilty to the conspiracy charge. As a concession, the Government agreed to dismiss the remaining counts. Bethany, however, was very particular about his admissions during the plea hearing—he admitted only that he possessed and distributed *some* amount of cocaine base. Bethany refused to admit that the substance was in fact crack cocaine or to a specific quantity of cocaine base. In response, the Government agreed to provide evidence regarding the amount and type of drug at Bethany's sentencing hearing.

On December 6, 2010, almost two years after the change of plea hearing, but before the sentencing hearing, Bethany moved to withdraw his guilty plea. He argued that the district court failed to discuss or even mention the Federal Sentencing Guidelines or the 18 U.S.C. § 3553 factors during the Rule 11 plea colloquy. Thus, according to Bethany, his plea was not knowingly entered. The court denied his motion on January 24, 2011, and reasoned as follows:

> Bethany was very adequately informed of the statutory minimums he was facing which would be dependent upon the results of the sentencing hearing to be held at a later date. He was also informed of the maximum sentence he would be facing. He was not told about the sentencing guidelines but the court would be hard pressed to give any kind of estimate because the quantity of drugs was not discussed and there was no agreement as to whether or not the case involved crack cocaine. Consequently, the best estimate of the sentencing he would be facing was anywhere between the minimum and maximum.

> It is clear that Bethany had been informed sufficiently about the consequences of his plea to have made an intelligent, voluntary and knowing decision as to whether to plead guilty. . . . Consequently, the failure to abide by all of the provisions of Rule 11 did not involve substantial rights.

Mem. Op. and Order, Dkt. No. 211 at 6-7.

Immediately thereafter, Bethany filed a motion for reconsideration. This time, he also argued that the district court further violated Rule 11, and thus rendered his plea involuntary, because it did not, as the rule requires, inform him that the statements he made under oath could be used against him in a prosecution for perjury. The motion for reconsideration was also denied by the district court.

On March 21, 2013, the court began a three-day sentencing hearing during which the Government presented evidence concerning the drug type, the drug quantity, and several aggravating factors under the Sentencing Guidelines. After hearing evidence, the court concluded that Bethany was responsible for at least 280 grams of crack cocaine. Thus, he faced a twenty-year mandatory minimum sentence,[1] and his base offense level was set at 32. Next, the court applied the following enhancements and adjustments from the 2012 Sentencing Guidelines:

| | | |
|---|---|---|
| Use of violence/threats | § 2D1.1(b)(2) | +2 points |
| Maintaining a drug premises | § 2D1.1(b)(12) | +2 points |
| Criminal livelihood | § 2D1.1(b)(14)(E) | +2 points |
| Organizer of Conspiracy | § 3B1.1(a) | +4 points |
| Obstruction of Justice | § 3C1.1 | +2 points |
| Acceptance of Responsibility | § 3E1.1(a) | -2 points |
| **Total** | | **42** |

Based on a criminal history category IV and a total offense level of 42, Bethany faced a Guidelines range of 360 months to life in prison. The court, however, deviated downward from the Guidelines and sentenced Bethany to 300 months in prison—within the statutory minimum and maximum.

## II.    DISCUSSION

On appeal, Bethany argues that the district court erred in three respects: (1) denying his motion to withdraw his guilty plea and his motion to reconsider; (2) determining, in light of *Alleyne v. United States*, 133 S. Ct. 2151 (2013), that he was subject to a twenty-year mandatory minimum sentence; and (3) applying several Sentencing Guideline enhancements in violation of the *ex post facto* clause.

---

[1] Bethany faced a statutory minimum sentence of ten years. However, due to his prior drug offense, the minimum sentence was doubled to twenty years.

## A. Guilty Plea and Rule 11 Colloquy

A district court may allow a defendant to withdraw a guilty plea before sentencing if a defendant can show a "fair and just reason for requesting the withdrawal." *United States v. Redmond*, 667 F.3d 863, 870 (7th Cir. 2012) (citing Fed. R. Crim. P. 11(d)(2)(B)). For example, a plea may be withdrawn if it was "not made voluntarily and knowingly." *United States v. Mays*, 593 F.3d 603, 607 (7th Cir. 2010). Importantly, "[t]here is no absolute right to withdraw a guilty plea." *Redmond*, 667 F.3d at 870 (citing *United States v. Chavers*, 515 F.3d 722, 724 (7th Cir. 2008)). Rather, the decision to deny a defendant's motion to withdraw his guilty plea "rests within the discretion of the district court" and therefore is reviewed for an abuse of discretion. *Id.* at 870 (citing *United States v. Cavender*, 228 F.3d 792, 803 (7th Cir. 2000)).

Bethany argues that he should have been allowed to withdraw his guilty plea because the district court failed to comply with the requirements of Rule 11. "Rule 11 generally spells out the procedures that a district court must follow when a defendant wishes to plead guilty." *United States v. Sura*, 511 F.3d 654, 657 (7th Cir. 2007). Among the various topics listed under Rule 11 are the Sentencing Guidelines. Specifically, "the court must inform the defendant of, and determine that the defendant understands . . . the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a)." Fed. R. Crim. P. 11(b)(1)(M). However, a literal recitation of Rule 11 is unnecessary. *See United States v. Akinsola*, 105 F.3d 331, 334 (7th Cir. 1997); *United States v. Cross*, 57 F.3d 588, 591 (7th Cir. 1995). Indeed, Rule 11 states that "'[a] variance from the requirements of th[e] rule is harmless error if it does not affect substantial rights.'" *United States v. Davila*, 133 S. Ct. 2139, 2143 (2013) (quoting Fed. R. Crim. P. 11(h)). The "harmlessness inquiry naturally should focus on whether the defendant's knowledge and comprehension of the full and correct information would have been likely to affect his willingness to plead guilty." *United States v. Fernandez*, 205 F.3d 1020, 1024 (7th Cir. 2000) (citations and quotations omitted).

Bethany argues that the district court's "failure to inform [him] about either the existence or necessity of consulting both the sentencing guidelines and § 3553 factors—undeniably two of the most important factors in determining a defendant's sentence—cannot be held to 'substantially comply' with the requirements of Rule 11." Appellant's Br. at 12. Although the district court erred in failing to discuss (or even mention) the Sentencing Guidelines and the § 3553(a) factors as Rule 11 requires, the error in this case was harmless.

Bethany was advised during the change of plea hearing that, assuming the cocaine base was determined to be crack (which the evidence overwhelmingly established), he faced a statutory minimum sentence of twenty years and a statutory maximum sentence of thirty years in prison.[2] Bethany suggests that this non-specific sentencing range may have led him to underestimate his probable sentence. He argues:

> In the absence of information about the applicable guidelines range, Mr. Bethany might well conclude that he is just as likely to get a sentence close to the low end of the applicable statutory range as a sentence closer to the high end. For example, without any knowledge about the guidelines, Mr. Bethany could have surmised that a sentence of 20 years or less was just as likely as a sentence of 30 years. That was not an accurate assessment of Mr. Bethany's situation. Under the guidelines found by the district court at sentencing, Mr. Bethany had an advisory sentencing range of 360 months to life. Hence, a sentence close to the 30-year maximum was much more likely than a sentence of 20 years or less. Mr. Bethany had a right to know that before he entered his plea. Without that knowledge, he was incapable of knowingly and voluntarily pleading guilty.

Appellant's Br. at 10. As the Government notes, however, "the fact that a defendant underestimated his sentence when entering his plea is not a fair and just reason to permit him to withdraw that guilty plea." Appellee's Br. at 35 (quoting *Redmond*, 667 F.3d at 872).

More importantly, it is unlikely that a discussion of the Sentencing Guidelines and the § 3553(a) factors during the change of plea hearing would have affected Bethany's willingness to plead guilty. Bethany was aware that he faced a statutory maximum of thirty years in prison. At the sentencing hearing, his Guidelines range was determined to be 360 months to life in prison. The failure to advise him of this range at the change of plea hearing cannot reasonably be said to have affected his decision to plead guilty, because the judge could not have sentenced Bethany beyond the statutory maximum of thirty years. Thus, unless he admitted to additional facts, he already knew that his sentence would not exceed 360 months. *Cf. United States v. Padilla*, 23 F.3d 1220, 1222 (7th Cir. 1994) ("If for instance, the record discloses that a defendant was

---

[2] During the change of plea hearing, Bethany's counsel specifically clarified as follows: "just so the parties are clear that if the judge at sentencing was to find that it's crack that the 20 minimum kicks in, the maximum still remains 30." Change of Plea Tr. at 7-9.

aware when pleading guilty that the sentencing guidelines would subject him to a sentence well in excess of any statutory mandatory minimum likely applicable to his case, the failure to advise him of such minimums during the plea hearing cannot reasonably be said to have affected his decision to accept the plea."). Thus, the district court's failure to discuss the Sentencing Guidelines and the § 3553(a) factors at Bethany's change of plea hearing was harmless.

Rule 11 also requires that "the court must inform the defendant of, and determine that the defendant understands . . . the government's right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath." Fed. R. Crim. P. 11(b)(1)(A). Because the district court failed to inform Bethany of this fact, he further argues that his plea was involuntary.

We previously considered and rejected this argument in *United States v. Graves*, 98 F.3d 258 (7th Cir. 1996).

> As there is no current or prospective prosecution of [the defendant] for perjury, the violation of Rule 11 . . . was harmless. . . . If the violation of the rule weren't harmless, because there was a prospect of a perjury trial, still the proper sanction would be exclusion of the statement from that trial rather than throwing out the guilty plea.

*Id.* at 259. Likewise, the district court's failure to recite Rule 11(b)(1)(A) during Bethany's plea colloquy was harmless.

Based on the foregoing, the district court did not abuse its discretion in denying Bethany's motion to withdraw his guilty plea. The court also did not err in denying Bethany's motion to reconsider.

## B. *Alleyne* Error

Bethany next argues that, in light of *Alleyne*, the district court erred in determining that he was subject to a twenty-year mandatory minimum sentence. In *Alleyne*, the Supreme Court held that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." *Alleyne*, 133 S. Ct. at 2155. In other words, "a district court errs when it makes a judicial finding of fact that increases the statutory mandatory minimum sentence facing a defendant."

In this case, the district court determined that Bethany faced a statutory minimum of twenty years in prison. Bethany, however, was sentenced to twenty-five years in prison (which was a downward departure from the Guidelines range), and the statutory minimum had absolutely no effect on his ultimate

sentence. Thus, there was no error and *Alleyne* is inapplicable to Bethany's sentence.

### C. Sentencing Guidelines

As his third and final ground for appeal, Bethany argues that the district court violated the *ex post facto* clause and thus erred in applying a two-level enhancement for maintaining a stash house/drug premises, and a two-level enhancement for using violence or the threat of violence, because those enhancements were not in effect when he committed his crime.[3]  In *Peugh v. United States*, 133 S. Ct. 2072 (2013), the Supreme Court held that application of Sentencing Guidelines that came into effect after the commission of an offense violates the *ex post facto* clause if it results in a higher Guidelines range.

Bethany seems to argue that he is entitled to pick and choose between portions of the 2005 Sentencing Guidelines and the 2012 Sentencing Guidelines. In other words, Bethany asserts that the district court should have applied the individual guidelines from each manual that were most beneficial to him. However, that is not the law of this Circuit—the district court must apply either the *entire* 2005 manual or the *entire* 2012 manual. *See, e.g.*, *United States v. Hallahan*, 744 F.3d 497, 513-14 (7th Cir. 2014) (discussing *ex post facto* clause and one-book rule). Bethany, however, has not argued for the application of the (entire) 2005 manual, let alone contended that he would have been better off under it. Thus, Bethany fails to show that that the district court committed reversible error under *Peugh*.

### III.    <u>CONCLUSION</u>

Bethany's conviction and sentence are AFFIRMED in all respects.

---

[3] Interestingly, the district court also imposed a two-point enhancement for criminal livelihood under U.S.S.G. § 2D1.1(b)(14)(E). This provision also was not in effect when Bethany committed his crimes. Bethany, however, did not raise the *ex post facto* argument as it relates to this enhancement in the district court or in the instant appeal.