**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 30, 2020
Decided May 1, 2020

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 19-1535

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* | Appeal from the United States District <br> Court for the Southern District of Illinois. |
| *v.* | No. 17-CR-30120-NJR-01 |
| ANTHONETTE STROWDER, <br> *Defendant-Appellant.* | Nancy J. Rosenstengel, <br> *Chief Judge.* |

**O R D E R**

Anthonette Strowder pleaded guilty to several drug-possession and distribution charges, *see* 21 U.S.C. § 841(a)(1), and the district court declined to release her on bond before sentencing. Almost immediately afterward, she sought to withdraw the plea. The court denied her motion, stating that Strowder had "reacted impulsively" when she learned she would be detained, and later sentenced her to 240 months' imprisonment. Strowder appeals, but counsel asserts that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Strowder opposes counsel's motion. *See* CIR. R. 51(b). Counsel's brief explains the nature of the case and addresses potential issues that an appeal of this kind might involve. Because the analysis appears thorough, we limit our review to the subjects that counsel discusses and those in

Strowder's response. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014). We grant the motion and dismiss the appeal.

Having confirmed that Strowder wishes to contest her guilty plea, *see United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012), counsel first considers whether she could raise a nonfrivolous challenge to the validity of the plea colloquy, and correctly concludes that she could not. A transcript of the plea colloquy reflects that the district court substantially complied with Federal Rule of Civil Procedure 11. *See Konczak*, 683 F.3d at 349. The court satisfied itself that Strowder was competent, that she understood the charges against her, and that she was pleading guilty of her own free will. The government provided a factual basis for the charges, and Strowder admitted that the government could prove the facts as stated.

Counsel relatedly represents that Strowder wishes to argue that she should be allowed to have her guilty plea set aside for reasons that she had not presented to the district court—that the district court and others coerced her plea, and that she was actually innocent of the charges. To the extent that counsel proposes to raise additional arguments not included in Strowder's motion to withdraw her guilty plea, our review of the plea colloquy and the voluntariness of the plea would be for plain error. *United States v. Vonn*, 535 U.S. 55, 62–63 (2002); *United States v. Dyer*, 892 F.3d 910, 913–14 (7th Cir. 2018).

We agree with counsel that such a challenge would be frivolous. A "defendant does not have an absolute right to withdraw a plea before sentencing, although the court may allow him to do so if he has a fair and just reason for doing so." *United States v. Chavers*, 515 F.3d 722, 724 (7th Cir. 2008). As for coercion, counsel points to a statement by the prosecutor to the judge at sentencing over a "look[]" he had received from the previous judge (since retired)—who, Strowder presumably believes, meant to encourage the government to offer a favorable plea deal to benefit the court. But however the government may have interpreted the "look," this ambiguous statement would be insufficient under plain-error review to reflect any impropriety on the court's part in the plea discussions. *See* FED. R. CRIM. P. 11(c)(1); *see also United States v. O'Malley*, 739 F.3d 1001, 1007–09 (7th Cir. 2014). Strowder also suggests that her family and lawyer coerced her plea, but there is no evidence of this—let alone evidence of her innocence—in the record. *See United States v. Chavers*, 515 F.3d 722, 725 (7th Cir. 2008).

Counsel next concludes correctly that Strowder could not plausibly challenge her below-guidelines sentence. Her sentence of 240 months' imprisonment (against a guidelines range of 360 months to life) did not exceed the statutory maximum penalties.

*See* 21 U.S.C. § 841(b)(1)(B)(viii), (C). As for the guidelines calculations, counsel asks whether Strowder could challenge the denial of acceptance of responsibility, but counsel rightly reasons that Strowder cannot have it both ways when she now argues that she is innocent. *See United States v. Lopinski*, 240 F.3d 574, 575–76 (7th Cir. 2001). The court addressed her primary mitigating arguments concerning her age and medical condition. *See United States v. Castaldi*, 743 F.3d 589, 595–96 (7th Cir. 2014). And the court adequately considered the 18 U.S.C. § 3553(a) sentencing factors, focusing on her extensive criminal history, the harm her drug sales caused the community, and her continued sales even while on bond.

Counsel also correctly concludes that any challenges to her terms of supervised release would be frivolous. The district court imposed a within-guidelines term of five years of supervised release for the drug possession count and three years for the remaining counts. And Strowder waived any challenges to the conditions when she declined the court's invitation to object to them, after already having reviewed them with her attorney before the hearing. S*ee United States v. Anderson*, 948 F.3d 910, 911–12 (7th Cir. 2020).

Counsel finally considers whether Strowder could raise a nonfrivolous challenge to the court's reliance on the Special Sessions Act, 28 U.S.C. § 141(b)(1), to hold her sentencing hearing in the Western District of Tennessee rather than in the Southern District of Illinois. Owing to her physical size (Strowder was 5'1" tall and weighed 570 pounds at sentencing) and her underlying medical conditions, the Western Tennessee Detention Facility was the nearest facility that could accommodate her. Recognizing the logistical difficulties in transporting Strowder to the Southern District, the court found that there was no reasonably available location within the district to accommodate her special circumstances. So the district judge traveled to the facility in Tennessee to hold her sentencing hearing, with a live video feed back to the courtroom in the Southern District. Considering these detailed findings and the agreement between the government and defense counsel with regard to that arrangement, we agree with counsel that Strowder could not raise a nonfrivolous argument concerning the Act.

Strowder raises two additional arguments but neither would be appropriate. First, she asserts that her previous counsel was ineffective, but this claim is better addressed in a collateral proceeding so that a more complete record could be developed. *See Massaro v. United States*, 538 U.S. 500, 504–05 (2003). Strowder also proposes challenging her sentence under the First Step Act on grounds that it bars

enhancements for certain prior convictions, *see* 21 U.S.C. § 851, but that challenge would be irrelevant because Strowder received no such enhancements.

Strowder recently filed two motions with this court seeking compassionate release. But this relief cannot be granted by this court as an initial matter. She must present the request first to the Bureau of Prisons and then to the district court. *See* 18 U.S.C. § 3582(c)(1)(A)(i); *see also* 28 C.F.R. § 571.61.

And to the extent Strowder seeks through either motion credit for any prior custody, she must similarly present the request first through administrative avenues and then to the district court. *See United States v. Wilson*, 503 U.S. 329, 335 (1992); *see also United States v. Walker*, 917 F.3d 989, 993–94 (7th Cir. 2019).

We GRANT counsel's motion to withdraw and DISMISS the appeal.